LAZARUS, MICHEL & LAZARUS v. HARDING et al.

(Circuit Court of Appeals, Fifth Circuit. April 26, 1915. Rehearing
Denied May 28, 1915.)

No. 2596.

BANKRUPTCY ☞467—REVISION—HARMLESS ERROR.

An erroneous order, requiring the holder of drafts to surrender them
to the trustees in bankruptcy, does not prejudice the holder, where he
was given credit for the amount of the drafts, leaving a balance still due
the bankrupt, and the order will not be revised for that error.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec.
Dig. ☞467.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43
C. C. A. 9.]

Pardee, Circuit Judge, dissenting.

Appeal from, and Petition to Superintend and Revise Order of, the
District Court of the United States for the Northern District of Ala-
bama; William I. Grubb, Judge.

Bankruptcy proceedings against the Payne & Joubert Machine &
Foundry Company. Lazarus, Michel & Lazarus appeal and petition to
superintend and revise as against W. P. G. Harding and others, trus-
tees in bankruptcy. Appeal dismissed, and petition denied.

Girault Farrar, of New Orleans, La., for appellants and petitioners.

Percy, Benners & Burr, of Birmingham, Ala., and Dinkelspiel, Hart
& Davy, of New Orleans, La., for appellees.

Before PARDEE and WALKER, Circuit Judges, and MAXEY,
District Judge.

PER CURIAM. The questions involved are properly here upon the
petition to revise, and the appeal is therefore dismissed.

The fee of $1,000 allowed the petitioners was, under the facts of the
case, reasonable, and we are not disposed to disturb the judgment on
that account. The lower court erred in ordering the petitioners to
deliver to the trustees in bankruptcy the two drafts of the Carmichael
Company and the Corn Products Refining Company. But the error
is without prejudice to the petitioners, since they are given due credit
for the amount of the drafts, leaving a balance due by them of $1,-
863.42.

Finding no reversible error in the record, the petition to revise is
denied.

PARDEE, Circuit Judge. In the summary proceedings instituted by
the trustees the District Court had jurisdiction to fix and determine
petitioners' compensation for professional services rendered and to be
rendered to the bankrupt. See Bankr. Act July 1, 1898, c. 541, § 60d,
30 Stat. 562 (Comp. St. 1913, § 9644). But in such summary proceed-
ings the court was entirely without jurisdiction to deal as it did with
the alleged preference to the petitioners of the check or draft of the

Corn Products Refining Company, which transaction appears by the undisputed facts to have been, not only fair and proper, but without profit to the petitioners and for the benefit of the bankrupt's estate. The decree sought to be revised provides:

"That all title to said check for $1,125 is divested out of respondents, Lazarus, Michel & Lazarus, and that said respondents will also restore and deliver to the said trustees the said check of the Corn Products Refining Company of the face value of $1,125; and said respondents are hereby restrained and enjoined from collecting said check of $1,125 from said Corn Products Refining Company and from all other persons."

While this court says "this part of the decree is without prejudice to the petitioners," in my opinion it is so clearly erroneous for want of jurisdiction that, if for no other reason, the decree should be revised in that respect.