KING LUMBER CO. v. NATIONAL EXCH. BANK OF ROANOKE, VA.

In re KING LUMBER CO.

(Circuit Court of Appeals, Fourth Circuit. October 23, 1918.)

No. 1638.

1. BANKRUPTCY ⊜440—ALLOWANCE OF CLAIMS—REVIEW.

The allowance of a claim of more than $500 can be reviewed only by an appeal within 10 days, as provided in Bankruptcy Act, July 1, 1898, § 25a (Comp. St. 1916, § 9609), and not by petition to superintend and review in matter of law, provided for by section 24b (section 9608).

2. BANKRUPTCY ⊜446—PETITION TO SUPERINTEND AND REVISE—SCOPE OF REVIEW.

A disputed question of fact on which the allowance of a claim depended cannot be reviewed on petition to superintend and revise in matter of law provided for by Bankruptcy Act July 1, 1898, § 24a (Comp. St. 1916, § 9608).

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Western District of Virginia, at Charlottesville, in Bankruptcy; Henry Clay McDowell, Judge.

In the matter of the King Lumber Company, bankrupt. The claim of the National Exchange Bank of Roanoke, Va., to share in a composition, etc., which was rejected by the referee on the bankrupt's objection, was allowed on review, and the bankrupt petitions to superintend and revise in matter of law. Petition dismissed.

Charles W. Allen, of Charlottesville, W. Va. (Allen & Walsh, of Charlottesville, W. Va., on the brief), for petitioner.

W. J. Henson, of Roanoke, W. Va. (Woods, Chitwood & Coxe and Jackson & Henson, all of Roanoke, Va., on the brief), for respondent.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge. In April, 1916, the King Lumber Company, a general contractor, borrowed from the National Exchange Bank of Roanoke the sum of $15,000, payment of which was secured by assignment of that amount of the moneys due and to become due on its contract with the city of Roanoke for the erection of a municipal building. In December following the lumber company was adjudicated bankrupt. Later it made an offer of composition which the creditors voted to accept. The offer contained this provision:

"There is due the King Lumber Company, the bankrupt, about the sum of $21,000 by the city of Roanoke, Va., on account of the construction of the City Hall; $15,000 of this amount was in April, 1916, assigned to the Exchange National Bank of Roanoke, Va., and there are sums due supply men and subcontractors, much more than sufficient to take up the balance of said sum of $21,000. This sum of $21,000 is to be distributed between the National Exchange Bank and said supply men in the order to which they may be entitled, and to be determined by the law and chancery court of the city of Roanoke, in a suit now pending therein for that purpose, and this sum is entirely abandoned, so far as the King Lumber Company is concerned, if its offer of composition is accepted."

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the suit referred to it was decided by the Supreme Court of Appeals of Virginia (121 Va. 460, 93 S. E. 699), that the supply men and subcontractors were entitled to priority of payment from the fund in question, with the result that the balance left for the bank was some $10,000 less than the face of its debt and interest. For this deficiency, whatever it might prove to be when all the supply men and subcontractors had been paid in full, the bank in due time filed a claim with the referee, setting up in detail the facts above summarized. Objections of the lumber company were sustained, and the claim rejected by the referee, on the ground in substance that the claimants of the Roanoke fund had agreed, when the offered composition was accepted, to look to that fund only for the payment of their debts, and to waive all right to prove the same in the bankruptcy proceedings. On review by the court below the ruling of the referee was reversed, and the claim allowed, with directions for payment to the bank, in accordance with the terms of the composition offer, of "30 per cent. of such part of its original claim as has not been satisfied out of the Roanoke city fund." The lumber company thereupon filed in this court a petition to superintend and revise, under section 24b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9608]). The bank moves to dismiss.

[1, 2] The sole question raised by the petition is alleged error in allowing a claim of more than $500. The lumber company contended that the bank was not entitled to prove a claim because it had agreed to take what it could get out of the Roanoke fund without resort to other assets. When this contention was overruled, and the claim allowed, the only way in which the decision could be brought here for review was by appeal within 10 days as provided in section 25a of the act (section 9609). This was distinctly held in Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725, in which the Supreme Court says:

"We think this subdivision (24b) was not intended to give an additional remedy to those whose rights could be protected by an appeal under section 25 of the act. That section provides a short method by which rejected claims can be promptly reviewed by appeal in the Circuit Court of Appeals, and, in certain cases, in this court. * * * Under section 24b a question of law only is taken to the Circuit Court of Appeals; under the appeal section controversies of fact as well are taken to that court, with findings of fact to be made therein if the case is appealable to this court. We do not think it was intended to give to persons who could avail themselves of the remedy by appeal under section 25 a review by petition under section 24b."

Moreover, as this authority holds, only questions of law can be brought to this court by petition to superintend and revise. But the controversy here presented turns on a disputed question of fact. The provision in the composition offer above quoted informed all creditors that the Roanoke fund would be insufficient to pay both the bank and the supply men, but it failed to state whether the party not paid in full from that fund could come in as an unsecured creditor for the deficiency and get the percentage offered by the bankrupt. What the understanding or agreement was in that regard became the subject of sharply conflicting testimony, and on the determination of this issue of

fact depends the allowance or rejection of the bank's claim. Manifestly such a controversy cannot be reviewed on a petition to superintend and revise.

On both grounds the petition must be dismissed.