## YARYAN ROSIN & TURPENTINE CO. v. ISAAC.

(Circuit Court of Appeals, Fifth Circuit. February 22, 1921.)

Nos. 3641 and 3646.

1. **Bankruptcy ☞439—Rehearing suspends time for taking proceedings for review.**
A decree or order does not take effect, for purposes of an appeal or petition to revise, while a motion for rehearing is pending.

2. **Bankruptcy ☞440—Order allowing fees to counsel for trustee reviewable on petition to revise.**
An order allowing fees to counsel for a trustee is reviewable by petition to revise, and not by appeal.

3. **Bankruptcy ☞482(1)—Contract with attorney by receivers does not bind trustee.**
A contract with respect to fees made by receivers for a bankrupt with their counsel *held* not to apply to services rendered by such counsel to the trustee after the receivers were discharged.

4. **Bankruptcy ☞446—Questions of fact not reviewable on petition to revise.**
A petition to revise opens only questions of law, and the appellate court cannot review the decision of the District Court on a question of fact.

Petition to Superintend and Revise and Appeal from the District Court of the United States for the Eastern Division of the Southern District of Georgia; Beverly D. Evans, Judge.

In the matter of the Yaryan Rosin & Turpentine Company, bankrupt. On appeal from and petition to revise an order allowing counsel fees to Max Isaac. Appeal dismissed, and affirmed on petition to revise.

Frederick T. Saussy, of Savannah, Ga., for petitioner and appellant.

John D. Little, Arthur G. Powell, Marion Smith, and Max F. Goldstein, all of Atlanta, Ga., for respondent and appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This case comes before this court on a petition to revise in matters of law (No. 3641), and also on appeal (No. 3646) from a decree in bankruptcy awarding fees to the counsel for the trustee in bankruptcy.

The bankruptcy proceeding was a voluntary one filed by the Yaryan Rosin & Turpentine Company in the United States District Court for the Southern District of Georgia, Eastern Division. In this proceeding three persons were at first appointed receivers, and, under a contract made with the bankrupt, Max Isaac was appointed their counsel, to render all services (with certain exceptions not material) for the sum of $500 per month. After these receivers had acted for slightly over a year, the court, because of want of harmony between them, determined that the bankruptcy should proceed, and a trustee in bankruptcy was appointed. The trustee was authorized by the court to employ counsel and to agree to pay him for ordinary and usual serv-

ices compensation not to exceed $500 per month. He employed Isaac as his counsel under this authority at a fee of $250 per month, covering only regular services to the trustee, and further services to be paid for by fees subject to approval by the court. This agreement was made with said counsel solely by the trustee as an officer of the court.

The petition of Isaac for compensation set up his entire service to the receivers and also the trustee, and alleged certain services as not covered by the monthly payments stipulated. The judge referred the petition to the standing master for a report. The master held that only one item of service rendered during the receivership was not covered by the contract for monthly compensation made with the receivers. He found a number of items of service rendered to the estate after the appointment of the trustee, which were not covered by the monthly payments contracted to be paid by the trustee, and recommended that the counsel be paid the sum of $25,000. Evidence was taken as to the value of such services, which placed them at a sum exceeding the amount recommended.

The District Judge, as stated in the brief for both parties in this case, declined to allow any extra compensation for services rendered during the receivership and reduced the finding of the master $1,000. He awarded $24,000 as an additional fee to said Isaac for his services as counsel to the trustee. In his opinion overruling a petition for rehearing and confirming said decree the court said:

"I reach this conclusion, both from the record before the master, and from my personal knowledge of the services rendered by applicant. The Yaryan Rosin & Turpentine Company, on its own application, was adjudicated a bankrupt, and receivers were appointed to manage its affairs. During the receivership the business was conducted at a loss. Upon a hearing it was determined to end the receivership proceedings, and to let the case take the usual course in bankruptcy. All parties earnestly pressed upon the court not to refer the case to a referee, but as the creditors had omitted to elect a trustee, for the court to nominate one and manage the business. Acting on this request the court appointed George C. Smith as trustee, and because of the unsatisfactory administration in receivership the trustee was requested to retain his counsel at as small charge as possible, with the understanding that for unusual services the attorney would be given additional compensation by the court. At the time the trustee assumed control of the Yaryan affairs, in addition to the very large indebtedness to creditors, there was also an indebtedness of approximately $200,000, which had been incurred by the receivers. The management by the trustee resulted in most phenomenal success. In addition to liquidating the obligations of the receivers, the trustee paid interest on secured notes amounting to approximately $90,000, secured debts of approximately $127,000, unsecured debts of approximately $115,000, and delivered to the Yaryan Company cash and manufactured products of approximately $80,000. When the trustee delivered the assets of the corporation to the Yaryan Company, from the reports of Haskins & Sells, accountants, it will be seen that its financial condition was that of a solvent, going concern. This unusual result was brought about by the superb management and administration of the trustee, in which he had the constant attention and advice of the attorney. The administration of the Yaryan Company occupied a great deal of the time of the court, and the trustee and his attorney were in almost weekly consultation with the court as to matters which arose in the administration."

The assignments of error present two questions:

(1) That the petitioner, Isaac, is estopped by reason of his contract with the receivers from claiming a greater compensation than $500 per month for all services rendered to the trustee.

(2) That under the competent evidence in said case the award of $24,000 for unusual services rendered the trustee is excessive.

[1] The case is brought to this court on petition to revise in matter of law and by appeal, and motions are made to dismiss the petition as not in time and the appeal as not the proper method to review this judgment.

Within 10 days after the rendition of the decree first awarding this compensation a motion for a rehearing was filed, and by order of court continued for hearing until December 1, 1920, when it was heard and overruled, and said decree confirmed. On December 13, 1920, the petition to revise was filed in this court. The presentation to this court of the petition to revise while the District Judge had the matter still before him on a petition for rehearing would have been premature. As the pendency of a motion for a rehearing would suspend the running of the time for taking an appeal, so would the pendency of a motion for rehearing operate to suspend the time for filing of a petition to revise.

"Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal." Kingman v. Western Mfg. Co., 170 U. S. 675, 678, 18 Sup. Ct. 786, 787 (42 L. Ed. 1192).

[2] That the petition to revise is the proper method to review the action of the court in matters of this sort is, we think, settled by the decision of the United States Supreme Court in Re Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725. This exact question was decided in Davidson v. Friedman, 140 Fed. 853, 72 C. C. A. 553. An appeal from an order, allowing the counsel of the trustee in bankruptcy fees, was dismissed on the ground that the matter was one reviewable only by a petition to revise in matter of law. The court, in refusing to reinstate the appeal, held:

"The matter involved in the present appeal is an expense incurred by the trustee in the course of his administration. It was not a debt against the bankrupt, and had no existence before adjudication. It was therefore one of the class of matters over which this court is given supervisory jurisdiction to 'review in matters of law the proceedings of the several inferior courts of bankruptcy,' within this circuit."

The Supreme Court of the United States has approved the rule laid down above in the decision in Re Loving:

"In our judgment the rule was well stated in In re Mueller, 135 Fed. 711, by Mr. Justice Lurton, then Circuit Judge (page 715): 'The "proceedings" reviewable (under section 24b) are those administrative orders and decrees in the ordinary course of a bankruptcy between the filing of the petition and the final settlement of the estate, which are not made specially appealable under section 25a. This would include questions between the bankrupt and his creditors of an administrative character, and exclude such matters as are appealable under section 24a.' We answer the question certified in the negative." In re Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725.

The propriety of the petition to revise as the procedure to review the fixing of fees in bankruptcy proceedings has been approved by this court. The appeal (No. 3646) is therefore dismissed. Lazarus et al. v. Harding et al., 223 Fed. 50, 138 C. C. A. 414.

[3] The petitioner in this case was not bound by his agreement as to professional services to be rendered to the receivers, after they were discharged and the trustee appointed. The trustee was under no obligation to employ him, and could have employed other counsel. Isaac could have declined to go on as counsel for the trustee under the same arrangement which he had made with the receivers. We therefore think that the agreement between the trustee and Isaac stood on an entirely different basis from the former arrangement with the receivers. It was subject at all times to revision by the court.

[4] As to the point that the allowance made by the court in this case is too large, that raises a question of fact which is peculiarly within the discretion of the court below. If the case were here on appeal, the matter would still be one peculiarly for decision by the judge before whom the proceedings were pending, and who states in his opinion that he was personally cognizant of the services rendered, as well as informed by the testimony taken before the master, and it could not be said that the decree was erroneous.

"But a petition for revision" in matter of law "opens only questions of law, and when the foundation of its jurisdiction is thus narrowed, the action of the court cannot enlarge it so as to deal with the facts." Duryea Power Co. v. Sternbergh, 218 U. S. 299, 302, 31 Sup. Ct. 25, 26 (54 L. Ed. 1047).

The petition to revise is denied.