## SWIFT & CO. v. LICKLIDER.

(Circuit Court of Appeals, Fourth Circuit. June 15, 1925.)

No. 2358.

**1. Domicile ⬀4(2)—Actual change, and not pretended change, necessary to constitute "change of domicile," and intention and act must concur.**

To change domicile, there must be an actual and not a pretended change, and intention and act must concur to effect such a "change of domicile" as would create a new residence elsewhere.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Change.]

**2. Domicile ⬀4(2)—Changing domicile largely matter of intent, which must be determined in light of all the evidence.**

Question of changing one's domicile is largely a matter of intent, which must be determined in light of all the evidence, in the circumstances, and reasonable inferences to be drawn therefrom.

**3. Bankruptcy ⬀14—Inquiry as to domicile should be determined at commencement of proceedings.**

Inquiry as to domicile of bankrupt in bankruptcy proceedings should be determined as of time of commencement of proceedings.

**4. Bankruptcy ⬀446 — Only questions of law presented on petition to superintend and revise.**

On petition to superintend and revise in bankruptcy proceedings, only questions of law are presented, and, if lower court's finding is wholly unsupported by testimony, reviewing tribunal must pass on legal question thus presented; but, if same depends on, or calls for rulings based on, disputed facts, or inferences to be drawn therefrom, reviewing tribunal does not pass on them, or attempt to correct alleged errors therein.

**5. Bankruptcy ⬀14 — Domicile of bankrupt was at place of filing petition, though removing temporarily.**

Domicile of bankrupt was at place of filing his petition, though he had temporarily located elsewhere, where he left his former domicile without intending to change his residence or domicile, and with express intention to return thereto.

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Northern District of West Virginia, at Martinsburg, in bankruptcy; William E. Baker, Judge.

In the matter of the bankruptcy of H. T. Licklider, bankrupt. On petition of Swift & Co., a corporation, to superintend and revise, in matter of law. Petition dismissed.

Clarence E. Martin, of Martinsburg, W. Va. (Martin & Seibert, of Martinsburg, W. Va., on the brief), for petitioner.

George M. Beltzhoover, Jr., of Charlestown, W. Va., for respondent.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. This is a petition to superintend and revise, in matter of law, proceedings in the District Court of the United States for the Northern District of West Virginia, at Martinsburg, in the matter

of H. T. Licklider, bankrupt. The facts of the case are briefly these:

Licklider, being some 46 years of age, had all his life resided, as had his parents before him, at Shepherdstown, Jefferson county, W. Va. For some years prior to August, 1922, he had been engaged in the hardware business in said town under the name of Licklider Corporation, of which he was general manager. On the 7th of August, 1922, the corporation failed and was adjudged bankrupt upon its voluntary petition. By the discontinuance of the corporation, Licklider was left without employment. On the 10th of September, with his wife and child, he left Shepherdstown, going first to Philadelphia, with a view of securing employment and making a satisfactory business connection. He was subsequently in the states of South Carolina and North Carolina, and finally located temporarily at Charlotte, N. C. While there, on the 4th of January, 1923, he filed in the United States District Court for the Northern District of West Virginia at Martinsburg his voluntary petition in bankruptcy, and on the 5th of January was duly adjudged bankrupt. Respondent avers that he left Shepherdstown without intending to change his residence or domicile, and, on the contrary, with the express intention of returning to that place; that he was only temporarily at Charlotte, N. C., without intention or purpose of changing his legal residence from Shepherdstown, W. Va., his absence from the latter place being unavoidable on account of his business, which took him from place to place in several states, but always with the fixed intention to return to his home at Shepherdstown.

On the 18th of January, 1923, Swift & Co., the petitioner for review herein, filed its petition in said court, alleging, among other things, that Licklider did not have his present place of business, and had not resided and had his domicile for the greater portion of six months immediately preceding the filing of his petition at Shepherdstown, in the state of West Virginia, as alleged in his bankruptcy petition, and that the United States District Court for the Northern District of West Virginia was without jurisdiction to hear and consider his petition, and prayed that the adjudication be vacated and the petition in bankruptcy dismissed, and that said bankruptcy proceedings be held in abeyance, until the question of jurisdiction was finally determined.

Respondent answered, and insisted upon the court's jurisdiction for the reasons stated, and asked that the petition of Swift & Co. be dismissed, and the bankruptcy proceedings regularly proceeded with. Respondent insisted especially, as a reason for denying the relief asked for by Swift & Co., that the purpose of its motion was to prevent an equal distribution of the bankrupt's assets among his creditors, and to subject the same to the lien of an attachment sued out by that company on the 18th day of September, 1922, from the state court of West Virginia, some eight days after respondent's temporary departure from the state, predicated upon respondent not being a resident thereof.

The District Court, on the 18th of January, duly referred the questions arising upon the petition to vacate the adjudication, and respondent's motion to dismiss the same, to Wilbur H. Thomas, Esq., one of the referees of the court, with directions to ascertain and report upon the facts in the case.

The sole question involved in the case is whether, at the time of filing the petition in bankruptcy on the 4th of January, 1923, respondent was a resident of and had his domicile at Shepherdstown, in the Northern district of West Virginia; or, to state the proposition differently, whether, by removing from the district within six months of the time of filing his petition, he ceased to be a citizen of the district, and lost his legal residence and domicile therein. If in fact he had not changed his residence and domicile from the Northern district of West Virginia, that was the only place in which his petition in bankruptcy could have been filed, and hence the motion to vacate the adjudication for lack of jurisdiction of the court would necessarily fail, as would the right to a valid attachment based upon the bankrupt's nonresidence in the state also fail.

It is by no means a matter of easy ascertainment to say just where one's domicile is, or when and how it may have been acquired. "Every man must have a domicile somewhere, and he can have but one. Mere change of place, is not a change of domicile. Mere absence from a fixed home, however long continued, cannot work the change. There must be the animus to change the prior domicile for another. To constitute a new domicile, two things must concur—first, residence in the new locality; second, the intention to remain there." "Until the new domicile is acquired, the old one remains." Conflict of Laws, Michie Digest (Supplement) vol. 2, p. 11.

To the same effect will be found Brandenburg on Bankruptcy (4th Ed., 1917) p. 34; 9 R. C. L. "Domicile," p. 542. "There must

be an actual, not pretended, change of domicile; in other words, the removal must be 'a real one, animo manendi, and not merely ostensible.'" Morris v. Gilmer, 129 U. S. 315, 9 S. Ct. 289, 32 L. Ed. 690.

[1] In determining the question of domicile, sight must not be lost of the fact that there must be an actual and not pretended change of domicile. The intention and act must concur in order to effect such a change of domicile as would create a new residence elsewhere. The Supreme Court of the United States in a comparatively recent case, citing Mitchell v. United States, 21 Wall. 350, 22 L. Ed. 584, aptly states the doctrine as follows: "Now, it is elementary that, to effect a change of one's legal domicile, two things are indispensable: First, residence in a new domicile; and, second, the intention to remain there. The change cannot be made, except facto et animo. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change." Sun Printing & Publishing Ass'n v. Edwards, 194 U. S. 383, 24 S. Ct. 696, 48 L. Ed. 1027.

The facts in the case were fully heard by the referee, who personally took the testimony, and the District Judge, upon reviewing the same and considering the referee's report, reached the conclusion that the bankruptcy court had jurisdiction, and that the proceeding to vacate the adjudication should be dismissed.

[2-4] The question of changing one's domicile is largely a matter of intent, and this fact must be determined in the light of all the evidence, in the circumstances, and the reasonable inferences to be drawn therefrom. The inquiry should be determined as of the time of the commencement of the proceedings (Anderson v. Watt, 138 U. S. 694, 11 S. Ct. 449, 34 L. Ed. 1078), and upon a petition to superintend and revise only questions of law are presented. If the lower court's finding was wholly unsupported by testimony, then this court must pass upon the legal question thus presented; but if the same depends upon or calls for rulings based upon disputed facts, or inferences to be drawn therefrom, then we do not pass upon them, or attempt to correct alleged errors therein. In re Lee, 182 F. 579, 105 C. C. A. 117; In re Frank, 182 F. 794, 105 C. C. A. 226; Hall v. Reynolds, 224 F. 103, 139 C. C. A. 659; In re Wood, 248 F. 246, 160 C. C. A. 324; Sauve v. M. L. More Invest. Co., 248 F. 642, 160 C. C. A. 542; Davis v. Anderson-Tully Co., 252 F. 681, 164 C. C. A. 521; King Lumber Co. v. National Exchange Bank, 253

F. 947, 165 C. C. A. 388; Yaryan Rosin Co. v. Isaac (C. C. A.) 270 F. 710; In re Miltones, Inc. (C. C. A.) 286 F. 806.

[5] Upon full consideration of the case, having due regard to the decision of the District Court before mentioned, we are convinced that the same was correctly decided, and that the petition to review and revise should be dismissed.

Dismissed.