### In re FLOORE et al.

### McCARTNEY, FOSTER & McGEE et al. v. MOORE.

(Circuit Court of Appeals. Fifth Circuit. December 3, 1926.)

No. 4811.

1. **Bankruptcy** ⟺482(1)—**Finding that attorneys were not employed by bankruptcy trustee, but were acting for creditor, and therefore not entitled to attorney's fees, held warranted.**

Finding that attorneys employed by principal creditor to prosecute claims against bankrupt estate for agreed fees, and who thereafter represented bankruptcy trustee, were not employed by trustee, but were acting for creditor, and were therefore not entitled to attorney's fees out of estate, *held* warranted.

16 F.(2d)—8

2. **Bankruptcy** ⟺446—**Findings of court in bankruptcy proceeding cannot be disturbed by Circuit Court of Appeals.**

Findings of fact by District Court in bankruptcy proceeding cannot be disturbed by Circuit Court of Appeals.

3. **Bankruptcy** ⟺482(1)—**Allowance of fees to attorneys for bankruptcy trustee is largely within District Court's discretion.**

Allowance of fees to attorneys acting for bankruptcy trustee is largely within discretion of District Court.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

In the matter of John Wilson Floore, Jr., and S. P. Norwood, bankrupts, in which J. M. Moore was appointed trustee in bankruptcy. On petition of McCartney, Foster & McGee and others to superintend and revise an order of the District Court refusing to allow the petitioners fees as attorneys for the bankruptcy trustee. Petition denied.

W. B. Harrell, of Dallas, Tex., and C. L. McCartney, of Brownwood, Tex., for petitioners.

C. M. Smithdeal and H. T. Bowyer, both of Dallas, Tex. (Spence, Smithdeal, Shook & Spence, of Dallas, Tex., on the brief) for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a petition to superintend and revise an order of the District Court refusing to allow to petitioners fees as attorneys for the trustee of the estates of John Wilson Floore, Jr., and S. P. Norwood, bankrupts.

[1] Briefly stated, the material facts are these: Johnson county, Tex., had claims against the two bankrupts and others arising from the same transaction, and employed petitioners to prosecute said claims for agreed fees of $20,000, which have been paid. At the time of this employment it was contemplated that the affairs of the said debtors would be liquidated through the bankruptcy court. After they were adjudicated bankrupts, J. M. Moore, himself an attorney, was elected trustee of both estates at the instance of Johnson county. Thereafter petitioners represented him in various matters, requiring the services of attorneys for several years.

Petitioners made application to the referee for an allowance of fees, and the referee granted the application and allowed fees of $2,000 in the Floore case and $500 in

the Norwood case. Johnson county will receive about 90 per cent. of the dividends in the Floore case and about 85 to 87 in the Norwood case. The trustee and Johnson county opposed the allowance of any fees to petitioners, contending that the compensation of $20,000 agreed to between Johnson county and petitioners, was intended to cover all their services rendered to the trustee in the bankruptcy proceedings. The trustee testified that he had made no agreement with the petitioners, and had not employed them to represent him; that he presumed they were acting for him under their employment by Johnson county, and would not look to the bankrupt estates for fees. The District Court adopted the views of the trustee, and reversed and set aside the order of the referee allowing fees of petitioners.

[2, 3] We are not at liberty to disturb the findings of fact made by the District Court, and it may be said parenthetically that, so far as appears from the record, no definite employment by the trustee is shown. The allowance of fees to attorneys acting for a trustee in bankruptcy is largely within the discretion of the District Court. Yaryan Rosin & Turpentine Co. v. Isaac (C. C. A.) 270 F. 710.

In this case we see no reason to disturb the ruling of the District Court. The petition to revise is denied.