**STATE of Texas, Petitioner,**

v.

**Sandra GARZA and Ernesto Garza, Respondents.**

**No. C–8267.**

Supreme Court of Texas.

Sept. 20, 1989.

Rehearing Overruled Feb. 21, 1990.

Bradford M. Condit, Carlos Valdez, Corpus Christi, for petitioner.

A. Deniz Tor, Corpus Christi, for respondents.

PER CURIAM.

The court of appeals in this cause has construed section 5.05(a) of the Texas Controlled Substances Act[1] ("the Act") to require the State to file an action for forfeiture of a vehicle used to transport illegal drugs within thirty days after seizure of the vehicle by agents of the Federal Drug Enforcement Agency. Because this construction directly conflicts with other statutory provisions, a majority of this Court grants the State's application for writ of error and, without hearing argument, reverses the judgment of the court of appeals and remands the case to the trial court for further proceedings. Tex.R.App.P. 133(b).

Officers of the Federal Drug Enforcement Agency seized a vehicle owned by Ernesto and Sandra Garza on September 22, 1986. The Nueces County Sheriff's Department did not receive custody of the vehicle until some seventeen months later, on February 23, 1988. The State filed this forfeiture action on March 8, 1988, fourteen days after it took possession of the vehicle. The Garzas moved for summary judgment on the grounds that the State's action was not timely filed under section 5.05(a) of the Act. The trial court granted

the Garzas' motion, and the court of appeals affirmed 760 S.W.2d 734.

Section 5.03 of the Act provides that vehicles used to transport illegal drugs may be forfeited to the State. Section 5.05(a) states:

> When any property, other than a controlled substance or raw material, is seized, proceedings under this section shall be instituted within 30 days after the seizure and not thereafter.

The issue presented in this case, quite simply, is whether the Garzas' vehicle was "seized", within the meaning of section 5.05(a), when DEA officers took possession of it, or when the DEA eventually turned it over to the Nueces County Sheriff's Department. The trial court and court of appeals both held, as a matter of law, that the car was "seized" under section 5.05(a) when the DEA took possession of it, and that the State's action filed over seventeen months later was untimely.

The seizure to which section 5.05(a) refers is specified in the immediately preceding section 5.04(a), which states in pertinent part:

> (a) Property subject to forfeiture under this subchapter may be seized *by any peace officer* under authority of a search warrant pursuant to this Act.

(Emphasis added.) The Texas Code of Criminal Procedure defines "peace officers" to include sheriffs and their deputies but not DEA officers. Tex.Code Crim.P. Ann. art. 2.12 (Vernon Supp.1989). Indeed, DEA agents are expressly declared not to be "peace officers". Tex.Code Crim.P.Ann. art. 2.122 (Vernon Supp.1989). Thus, seizure by DEA officers is not the "seizure" that starts the State's time running for filing a forfeiture action under section 5.05(a).[2] Rather, the property in this case was seized within the meaning of section

1. Article 4476–15, Tex.Rev.Civ.Stat.Ann. (Vernon 1976, Supp.1989). Unless otherwise noted, all statutory references are to this Act.

2. DEA officers have the power of seizure as to felony offenses under Texas law. Tex.Code

Crim.P.Ann. art. 2.122 (Vernon Supp.1989). However, seizure by a DEA officer is not seizure by a peace officer within the meaning of section 5.04(a).

5.05(a) when the Nueces County Sheriff's Office took possession of it.[3]

This construction of the statute comports with the strong policy considerations underlying the Act. Interdiction of traffic in illegal drugs is the responsibility of numerous state and federal law enforcement officials. The State may not know when federal officers have seized property subject to forfeiture in Texas. If the State's right to forfeit property expired thirty days after it was seized by federal officers, the State could not assert that right unless the federal officers turned the property over to state officials within a very few days. The plain language of the Act does not force this compromise of federal and state drug enforcement efforts, but marks the deadline for commencement of forfeiture proceedings from the date the State's own officers come into possession of property.

The judgment of the court of appeals is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

---

**3.** There is no contention in this case that the seizure by the Nueces County Sheriff's Office

was unauthorized under section 5.04.