

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 13, 2008

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Cadena-Reeves Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. GA-0608

Re: Whether article 2.122(a)(6) of the Code of Criminal Procedure, which grants certain state felony law enforcement authority to inspectors of the United States Postal Service, applies to inspectors of both the United States Postal Inspection Service and the United States Postal Service, Office of Inspector General (RQ-0628-GA)

Dear Ms. Reed:

You ask whether article 2.122(a)(6) of the Code of Criminal Procedure, which grants certain state felony law enforcement authority to inspectors of the United States Postal Service (the "Postal Service"), applies both to inspectors of the United States Postal Inspection Service (the "USPIS") and to inspectors of the United States Postal Service, Office of Inspector General (the "USPS–OIG").[1]

Postal inspectors' federal authority to enforce postal criminal laws does not authorize them to enforce state criminal laws. *See Santoni v. Potter*, 369 F.3d 594, 599 (1st Cir. 2004) (holding that "[p]ostal inspectors are not authorized under federal law to execute a warrant or make an arrest for a state law offense"). State law may grant powers to enforce its laws to federal officials, however. *See id.*[2]

Article 2.122(a) of the Code grants to "named criminal investigators of the United States," some of the powers of a state peace officer—"the powers of arrest, search and seizure as to felony

---

[1]*See* Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Sept. 19, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*Also cf. United States. v. Sealed Juvenile 1*, 255 F.3d 213, 217 (5th Cir. 2001) (holding that arrest by federal customs agent for a state offense must be authorized by state law). In that case the Fifth Circuit determined that the customs agent was not a state peace officer according to article 2.122 of the Code of Criminal Procedure and hence did not have the authority to arrest for state traffic offenses. *Id.* The court further held, however, that state law granted the customs agent the authority to effect a "citizen's arrest" for a breach of the peace committed in the agent's presence. *Id.*

offenses only under the laws of the State of Texas." TEX. CODE CRIM. PROC. ANN. art. 2.122(a) (Vernon Supp. 2007).[3] "Inspectors of the United States Postal Service" were added to the statute's list of authorized federal officers in 1985. *Id.* art. 2.122(a)(6); *see also* Act of May 26, 1985, 69th Leg., R.S., ch. 543, § 1, 1985 Tex. Gen. Laws 2148, 2148. Due to the later establishment of the USPS–OIG as an independent unit within the Postal Service, you wish to know whether postal inspectors of both the USPS-OIG and the USPIS possess the law enforcement authority Texas has granted the "Inspectors of the United States Postal Service" in article 2.122(a)(6) of the Code of Criminal Procedure. Request Letter, *supra* note 1, at 2–3.

## I.     Background

The USPIS and USPS-OIG derive their federal investigative authority from 18 U.S.C. § 3061 (2000) (granting investigative and other law enforcement powers to "Postal Inspectors and other agents of the United States Postal Service designated by the Board of Governors to investigate criminal matters related to the Postal Service and the mails").[4] That grant of authority is limited to "the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses" and the enforcement of certain other federal laws determined to "have a detrimental effect upon the operations of the Postal Service." *Id.* § 3061(b)(1)–(2).

Historically, postal inspectors' law enforcement authority included the investigation and suppression of certain offenses without distinction as to whether the offense was committed by a Postal Service employee or by a member of the general public. *See, e.g., United States v. Gillyard*, 726 F.2d 1426 (9th Cir. 1984) (investigation and arrest of postal employee for embezzlement from the mail); *United States v. Brown*, 716 F.2d 457 (7th Cir. 1983) (investigation leading to indictment of postal service clerk for conversion of postal funds); *Ward v. United States*, 316 F.2d 113 (9th Cir.), *cert. denied*, 375 U.S. 862 (1963) (investigation and arrest of railroad terminal employee for possession of stolen mail). The USPS-OIG was established in 1997 to, among other things: "[p]rovide an independent and objective unit to conduct and supervise audits and investigations relating to programs and operations of the Postal Service." 39 C.F.R. § 221.3(b)(1) (2008); *see also* 5 U.S.C. app. 3 § 8G(f) (2000). To that end, the USPS-OIG is responsible for "detecting and preventing fraud, waste, and abuse in the programs and operations of the Postal Service, [and] investigating all allegations of violations of postal laws or misconduct by postal employees, including mail theft." 39 C.F.R. § 230.1(d) (2008). The USPS-OIG and its inspector general have "oversight responsibilities for all activities of the Postal Inspection Service." *Id.* §§ 221.3(b)(4), 230.1(e).

---

[3]Article 2.122(a) clarifies that while the named federal investigators have the state powers specified, they "shall not be deemed [state] peace officers." TEX. CODE CRIM. PROC. ANN. art. 2.122(a) (Vernon Supp. 2007). *See State v. Garza*, 783 S.W.2d 198, 199–200 & n.2 (Tex. 1989) (holding that article 2.122 gives designated federal agents the authority to seize property in connection with a state law felony, but are not "peace officers" under the forfeiture statute).

[4]*See also* Brief from Elizabeth P. Martin, General Counsel, Office of Inspector General, United States Postal Service, For Consideration By The Attorney General For The State Of Texas, at 1 (Oct. 22, 2007) (on file with the Opinion Committee) [hereinafter OIG Brief].

Title 39, section 233.1 of the Code of Federal Regulations, entitled "Arrest and investigative powers of Postal Inspectors," sets forth certain authority of inspectors of the USPIS and inspectors of the USPS-OIG, referring to both as "Postal Inspectors." *Id.* § 233.1(a). While recognizing their common authority to enforce laws related to the mails, the section circumscribes the primary responsibility of the USPS-OIG and the USPIS:

> (b) Limitations. The powers granted by paragraph (a) of this section shall be exercised only--
>
> (1) In the enforcement of laws regarding property in the custody of the Postal Service, property of the Postal Service, the use of the mails, and other postal offenses. With the exception of enforcing laws related to the mails:
>
>> (i) The Office of Inspector General will investigate all allegations of violations of postal laws or misconduct by postal employees, including mail theft; and
>>
>> (ii) The Inspection Service will investigate all allegations of violations of postal laws or misconduct by all other persons.

*Id.* § 233.1(b).

## II.    Analysis

The goal of statutory construction is to ascertain and give effect to legislative intent. *See Tex. Natural Res. Conservation Comm'n v. Lakeshore Util. Co.*, 164 S.W.3d 368, 378 (Tex. 2005). We derive the Legislature's intent primarily from the statute's plain language. *Id.* Generally, a statute's words are given their common meaning. TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Article 2.122(a)(6) of the Code of Criminal Procedure grants certain law enforcement authority to "Inspectors of the United States Postal Service" without regard to the internal department or unit of the Postal Service employing such inspectors. *See* TEX. CODE CRIM. PROC. ANN. § 2.122(a)(6) (Vernon Supp. 2007). Although USPS-OIG did not exist in 1985 when article 2.122(a)(6) was promulgated, the statute's plain language applies to an inspector of USPS-OIG as well as to an inspector of USPIS because they are both "Inspectors of the United States Postal Service." *Id.* And as the USPS-OIG has informed us, and as reflected in Postal Service rules, USPS-OIG and USPIS inspectors exercise law enforcement functions held by postal inspectors generally in 1985. *See* OIG Brief, *supra* note 4, at 1; *see also* 39 C.F.R. § 233.1(b)(1)(i)–(ii) (2008). Accordingly, we conclude that article 2.122(a)(6) of the Code of Criminal Procedure grants certain state powers of arrest, search, and seizure to both the inspectors of the USPIS and the inspectors of the USPS-OIG.

**S U M M A R Y**

    Article 2.122(a)(6) of the Texas Code of Criminal Procedure grants certain state powers of arrest, search, and seizure to inspectors of the United States Postal Inspection Service and to inspectors of the United States Postal Service, Office of the Inspector General.

    Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee