Joe JARDINE

v.

Maude INTEHAR, Administratrix of the Estate of Jerry Intehar, deceased.

Civ. A. No. 2754.

United States District Court
S. D. West Virginia,
Charleston Division.

Jan. 17, 1963.

John H. McCutcheon and Palmer & McCutcheon, Charleston, W. Va., for plaintiff.

W. T. O'Farrell and Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for defendant.

FIELD, Chief Judge.

The plaintiff, Jardine, alleging that he was a citizen and resident of the State of Ohio, instituted this diversity action on July 17, 1962. The defendant has moved to dismiss this action for lack of jurisdiction, charging that the plaintiff was not at the time of institution of the action a resident or citizen of the State of Ohio, but, in fact, was at that time and is presently a citizen and resident of the State of West Virginia. The defendant having challenged the plaintiff's allegations of jurisdictional facts, the burden of supporting these allegations rests upon the plaintiff. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

In determining jurisdiction in diversity actions the Federal courts have in effect equated citizenship with domicile. Stine v. Moore, 5 Cir., 213 F.2d 446. Accordingly it is necessary to review the facts as developed at the hearing on this motion to determine whether on July 17, 1962, plaintiff Jardine was domiciled in Ohio or in West Virginia. These facts are found to be as follows:

Jardine was born and raised in the State of West Virginia. Sometime in the 1930's he built a house in Fenwick, Nicholas County, West Virginia, where he resided until the years of World War II. After the outbreak of the War he went to Ohio and worked for a short while, but returned to West Virginia and was inducted into the Army. Upon his discharge from the Army, Jardine returned to West Virginia, took up his residence at Fenwick and worked in a coal mine until it ceased operations sometime in the year 1958.

After the closing of the mine, Jardine, like many other citizens of West Virginia, was faced with the limited employment opportunities resulting from the depressed economic conditions in the West Virginia coalfields. He left his wife at their home in Fenwick and went to the State of Ohio in search of work. He obtained work at the Republic Steel Corporation in Akron, Ohio, in May, 1959, and worked for that company until the work force was reduced. While on furlough from Republic Steel he found some sporadic employment in Canton, Ohio, and possibly at other points in that State. However, generally, during the periods when he was furloughed or could find no work in Ohio, he would return to his home in Fenwick and likewise returned there to spend his vacations and holidays. While in Ohio he lived in either furnished rooms or apartments with other men, and at the hearing he characterized these accommodations in Ohio as "bachelor quarters."

Jardine and his wife apparently have a compatible marriage, are not separat-

ed, and his wife resides in the Jardine home in Fenwick. Jardine contributes to her support, and has purchased furniture and other items for the home. The utility services, including the telephone, are listed in the name of Jardine. At the time this action was instituted, Jardine was on furlough, and was living at his home in Fenwick.

■ Unquestionably Jardine was domiciled in the State of West Virginia through the year 1958. This domicile, having been acquired, continues until and unless it is superseded by a new domicile. This principle was well stated in White v. Tennant, 31 W.Va. 790, 8 S.E. 596:

"* * * The character of the residence is of no importance; and, if domicile has once existed, mere temporary absence will not destroy it, however long continued. * * * A change of domicile does not depend so much upon the intention to remain in the new place for a definite or indefinite period, as upon its being without an intention to return."

While it is true that Jardine has resided in Ohio for some extended periods of time during the years from 1959 up until the present, these periods of residence in themselves do not effect a change of his domicile. It appears to me that the facts in this case fairly fall within the language of the Court in Messick v. Southern Pennsylvania Bus Co., D.C., 59 F.Supp. 799, at 800:

"* * * A change in residence for the purpose of seeking employment or for convenience in working conditions does not, without more, indicate a change in domicile. * * * The law presumes that a married man's domicile is where his wife and family reside, if that is at a permanent home and there is no proof of a separation, * * *."

■ Aside from his residence in Ohio during his periods of employment there, all of the other salient facts indicate that Jardine's domicile continued to be in the State of West Virginia, with the exception of a voter's registration which he obtained in the State of Ohio shortly before the institution of this action. While such a registration might raise a presumption of citizenship, it is not conclusive and may be rebutted by other evidence in the case. Here it is clear that the periods of the plaintiff's residence in the State of Ohio were merely for the purpose of obtaining employment, at a time when such was unavailable in his native State, and his residence in Ohio was never combined with the essential element to remain there permanently and to abandon his West Virginia home.

■ The plaintiff having failed to establish his jurisdictional allegations by a preponderance of the evidence, the motion to dismiss will be granted. Counsel may prepare an appropriate order.