# Richmond

FRANCIS FRENCH, EXECUTOR, ETC., ET AL. v. GLENDA SHORT.

November 28, 1966.

Record No. 6301.

Present, All the Justices.

*S. H. Sutherland (Walter Lee Rush; George C. Sutherland,* on brief), for the appellants.

*Frank E. Beverly (A. M. Phipps,* on brief), for the appellee.

GORDON, J., delivered the opinion of the court.

This appeal is from an order entered by the Circuit Court of Dickenson County, Virginia, probating the will of G. Mark French. The problem concerns Virginia practice and procedure in probate matters. The applicable substantive law is well settled.

Before this Virginia proceeding was instituted, Francis French applied to a Florida court for the appointment of a curator and for the appointment of an administrator of the estate of his deceased father, G. Mark French. In the petition for appointment of a curator, Francis French alleged that the decedent was domiciled in Florida at his death. He attached to the petition a pen and ink paper writing, purporting to be G. Mark French's last will.[1] A citation was served upon the decedent's heirs-at-law and upon Glenda Short and Mark Stookey, beneficiaries under the purported will. Glenda Short was a nonresident of Florida, and the record does not show that she appeared in the Florida proceedings.

The Florida court did not admit the purported will to probate, holding that the writing did not comply with the Florida statute of wills because it was unwitnessed. It appointed Francis French cura-

---

(1) Actually, there were three writings, purporting to be a will and codicils thereto, but for simplicity we will refer to them collectively as one writing purporting to be the will.

tor and later appointed him administrator of G. Mark French's estate.

The Florida court permitted Francis French to withdraw the writing purporting to be G. Mark French's will, so that it might be presented to the appropriate Virginia probate court. Francis French presented the writing to the Circuit Court of Dickenson County and moved the court to admit it to probate as a will of real estate in Virginia. When the writing was presented, Francis French represented to the Virginia probate court that the decedent was domiciled in Florida at his death, but owned real and personal property in Dickenson County, Virginia.

Glenda Short, a beneficiary under the will, appeared in the Virginia probate proceeding. Bessie French (the decedent's widow) and Florence French (the decedent's daughter who was represented by her trustee or committee) appeared in the Virginia probate proceeding in support of Francis French's position. The decedent's other heirs-at-law did not appear.

Francis French introduced the evidence of disinterested witnesses to prove the writing was wholly in the handwriting of G. Mark French and signed by him, as required for a valid holographic will under the Virginia statute of wills. Va. Code Ann. § 64-51 (1950). Francis French also introduced evidence to prove that the decedent was domiciled in Florida at his death, and Glenda Short introduced evidence to prove that he was domiciled in Virginia at his death. On April 26, 1965, the court entered an order of probate, holding that G. Mark French was domiciled in Florida at his death and admitting the writing to probate as his last will. The order also qualified Francis French as executor under the will.

Francis French, Bessie French and Florence French's trustee (now the appellants) objected to the probate order because it admitted the writing to probate as to all the decedent's estate, "without limiting same to be effective only as to real estate". Glenda Short (now the appellee) objected to the probate order "insofar as it . . . [made] any adjudication as to the domicile of G. Mark French". She also objected to the probate order "insofar as it . . . [made] any adjudication . . . that . . . [she] was properly made a party to the proceeding in . . . Florida".

The appellants, Francis French, Bessie French and Florence French's trustee, assigned error to the Virginia court's admission of the will to probate "without limiting the probate to real estate only". They cite the Virginia rule that a decedent's personal property passes

according to the law of the state where he was domiciled at his death, and contend that the Virginia court, which found that French was domiciled in Florida, should not have probated his will as a will of personal property. Florence French's trustee assigned additional error, contending in substance that Virginia must give full faith and credit to the Florida holding that the purported will was ineffectual to pass either real or personal property and that G. Mark French had died intestate.

The appellee, Glenda Short, contends that the court committed no error in admitting the will to probate as to both personal property and real estate. In effect, she argues that any finding in the order of probate that French was domiciled in Florida was surplusage, because the Virginia statutes do not authorize a probate court to inquire into and determine a decedent's domicile. She says the question of domicile should be litigated before a Virginia court sitting in equity.[2]

Under Virginia law, a decedent's personal property passes according to the law of the state where he was domiciled at his death, but his real estate passes according to the law of the state where it lies. Va. Code Ann. § 64-55 (1950) (footnote (5), *infra*); *Rinker* v. *Trout*, 171 Va. 327, 198 S.E. 913 (1938); Minor, *Conflict of Laws* § 143 (1901). However, Code § 64-72,[3] which confers jurisdiction upon Virginia courts and clerks of courts to admit wills to probate, makes no distinction between the probate of wills of persons domiciled in Virginia and the probate of wills of persons domiciled outside Virginia. Since French owned property in Virginia at his death, Code

(2) In the alternative, Glenda Short contends that the order of probate did not adjudicate that French was domiciled in Florida and, also, that the evidence before the Virginia court did not support a holding that he was domiciled in Florida. The order of probate, however, contains an express adjudication that the decedent was domiciled in Florida. Glenda Short made no assignment of cross-error to this adjudication, so the sufficiency of the evidence to support Florida domicile is not before us.

(3) § 64-72 reads: "The circuit and corporation courts of the Commonwealth, and the clerks of such courts, and the duly qualified deputies of such clerks, and the clerks of all other courts having jurisdiction of the probate of wills, shall have such jurisdiction according to the following rules: In the county or corporation wherein the decedent has a mansion house or known place of residence; if he has no such house or known place of residence, then in a county or corporation wherein any real estate lies that is devised or owned by the decedent; and if there be no such real estate, then in the county or corporation wherein he dies or a county or corporation wherein he has estate; provided, however, that in the City of Richmond the Chancery Court and the Hustings Court, Part Two, of such city, and the clerks of such courts and their duly qualified deputies shall have such jurisdiction which shall be exercised within their respective territorial jurisdictions as defined by law and in the manner heretofore provided by law." Va. Code Ann. § 64-72 (1950).

§ 64-72 conferred potential jurisdiction upon circuit courts of counties and certain other Virginia courts to probate French's will, whether he was domiciled in or domiciled outside Virginia.[4]

The Circuit Court of Dickenson County could properly have proceeded, therefore, to probate the will without any inquiry or adjudication as to French's domicile. If that court, sitting in probate, had made no express adjudication respecting domicile, its order admitting the will to probate generally would not have amounted to an implied adjudication that French was domiciled in Virginia or a final adjudication that the will had efficacy as to his personal estate, as well as his real estate.

In such case, the court would have had no occasion to provide in its order for probate as a will of real estate only, because the question of the decedent's domicile would not have been litigated or determined in the probate proceeding. And in such case, the entry of the probate order would not have affected the power of a Virginia court of equity to determine French's domicile in a proper proceeding—for example, a suit by the Virginia executor for advice and guidance whether he should distribute the personal estate in his hands, after satisfying the claims of Virginia creditors, to the beneficiaries under the will or to the administrator qualified in Florida.

Foreign domicile having been suggested, however, the Virginia probate court considered the evidence brought forth in the proceeding and held that French was domiciled in Florida at his death; but the court refused to probate his will as a will of real estate only. The questions, then, are: Do the Virginia statutes authorize a probate court to make an adjudication respecting domicile? If so, should the court, having held the decedent was domiciled in Florida, have probated the will as a will of real estate only?

■ These questions concern Virginia probate practice and pro-

---

(4) "[S]ection 64-72 confers jurisdiction of probate upon certain courts, their clerks and deputy clerks, and fixes the venue of probate." *Horn* v. *Horn,* 195 Va. 912, 915, 81 S.E.2d 593, 595 (1954). The order probating French's will recites that he owned "both real and personal property" located in Dickenson County, but makes no finding that he had, or that he did not have, a mansion house or known place of residence in Virginia. The order therefore does not show on its face that Dickenson County was the proper venue for the probate of his will (see Code § 64-72, footnote (3), *supra*), but no question of venue was raised in the probate court or here.

Even if the court had found that French had a mansion house or known place of residence in Virginia, such finding would not have amounted to a finding that he was domiciled in Virginia. See *Wilkinson* v. *Spiller,* 143 Va. 267, 276, 129 S.E. 235, 238 (1925).

cedure, not whether Virginia must give full faith and credit to a Florida determination that French was domiciled there. The record does not show that the Florida court heard any evidence respecting French's domicile, and the Florida decrees in the record contain no express finding that French was domiciled in Florida. Perhaps for that reason, Francis French chose to introduce evidence before the Virginia probate court to prove that the decedent was domiciled in Florida, rather than to rely upon the introduction of the Florida decrees. In any event, the full faith and credit clause does not require a Virginia court to recognize Florida's determination of domicile. *Riley* v. *New York Trust Co.*, 315 U.S. 343, 62 S.Ct. 608, 86 L.ed. 885 (1942).

We have referred to the Virginia rule that a decedent's personal property passes according to the laws of the state where he was domiciled at his death. This rule is recognized in Code §§ 64-55 and 64-88.[5] Under Code § 64-88 a will that has been admitted to probate in a foreign state where the decedent was domiciled can be admitted to probate as to his personal property in Virginia, even though the will was not executed in conformity with the Virginia statute of wills.

Nevertheless, Code § 64-88 does not require a Virginia court to probate a will, even as to personalty, on the basis of an order of probate entered by the court of another state, if the Virginia court should determine from the evidence adduced before it that the decedent was not domiciled in that other state. Lamb, *Virginia Probate Practice* § 48, at 128 (1957); 1 Harrison, *Wills and Administration* § 150(5) (1927). A Virginia probate court may therefore determine domicile when proceeding under Code § 64-88, even though that

(5) § 64-55 reads in part: ". . . [T]he will of a person domiciled out of this State at the time of his death shall be valid as to personal property in this State, if it be executed according to the law of the State or country in which he was so domiciled." Va. Code Ann. § 64-55 (1950).

§ 64-88 reads: "When a will relative to an estate within this State has been proved without the same, an authenticated copy thereof and the certificate of probate thereof may be offered for probate in this State. When such copy is so offered, the court or the clerk thereof to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the State or country of the testator's domicile and shall admit such copy to probate as a will of personalty in this State. And if it appear from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this State by the law thereof, such copy may be admitted to probate as a will of real estate. The probate of any such copy of a will before any such clerk shall have the same legal operation and effect as if such copy had been admitted to probate by the court." Va. Code Ann. § 64-88 (1950).

section does not expressly confer jurisdiction upon the court to make that determination.

Furthermore, we infer from the Virginia probate statutes that a probate court is authorized to determine where a decedent was domiciled at his death when, as here, the proceeding is initiated under Code § 64-72.[6] Such inference is necessary to give full scope to the purposes of the Virginia probate statutes. We hold, therefore, that the court in this case had jurisdiction to adjudicate that G. Mark French was domiciled in Florida.

The probate order contains an express holding of Florida domicile, but admits the will to probate as to all the decedent's estate in Virginia. The probate order therefore recognizes Florida domicile, but charges the executor qualified in this State with the duty of distributing the decedent's personal property in accordance with the provisions of the will. However, the intestate laws of Florida, the state where French was domiciled, should govern the distribution of his personal estate. Accordingly, we hold that the Virginia court should not have admitted French's will to probate as a will of his personal property, but should have admitted it only as a will of his Virginia real estate. Cf. *Norvell* v. *Lessueur*, 74 Va. 222, at 226-27 1880).

We do not agree with the contention of Florence French's trustee that Virginia must recognize the Florida court's determination that French died intestate as to his Virginia real estate, for two reasons.

First, we do not believe the Florida court held that French died intestate as to his Virginia real estate. "The inquiry of the [probate] court . . . is limited. The court is simply inquiring as to the validity of the will so far as it affects the property within its jurisdiction." 1 Harrison, *Wills and Administration* § 150(7) (1927). The Florida order recites that French's purported will being unwitnessed, it is "therefore, *under the law of Florida*, . . . ineffectual to pass either real or personal property". [Emphasis supplied] Moreover, the Florida court permitted withdrawal of the purported will, so that it might be presented to the appropriate Virginia probate court.

Secondly, Virginia has the right and power to make an *in rem*

---

(6) French's will was presented for probate pursuant to Code § 64-72, which is copied in footnote (3). The proceeding was converted into what has been called a "*quasi inter partes*" probate proceeding when Glenda Short (now the appellee) was summoned to appear before the probate court pursuant to Code § 64-75. Va. Code Ann. § 64-75 (1950); Lamb, *Virginia Probate Practice* § 57, at 147 (1957).

determination, by probating or refusing to probate a will, whether real estate within its borders shall pass under a decedent's will or the intestate laws of Virginia. Neither the full faith and credit clause of the United States Constitution (Article IV, Section 1), nor the principle of *res judicata*, requires Virginia to recognize a Florida holding that a decedent died intestate as to his Virginia real estate. *In Re Briggs' Estate*, 148 W.Va. 294, 134 S.E.2d 737 (1964); *Rice v. Jones*, 4 Call (8 Va.) 89 (1786) (decided when the Articles of Confederation were in effect, which Articles contained a full faith and credit clause substantially the same as that contained in the Constitution of the United States); 1 Harrison, *Wills and Administration* §150(7) (1927).

Our mandate will direct the Circuit Court of Dickenson County to amend the order of probate so as to admit G. Mark French's will to probate as a will of real estate only.

*Reversed in part, and remanded.*