In re Kenneth Alan WELLBERG, Debra Sue Wellberg, Debtors.

Alexander P. SMITH, Trustee,

v.

Kenneth Alan WELLBERG, Debra Sue Wellberg, Defendants.

Bankruptcy No. 80–01929.

United States Bankruptcy Court, E. D. Virginia, Norfolk Division.

June 12, 1981.

Alexander P. Smith, Smith & Owens, Norfolk, Va., Trustee, pro se.

Ronald J. Berg, Berg & Gordon, Virginia Beach, Va., for debtors.

## MEMORANDUM OPINION

HAL. J. BONNEY, Jr., Bankruptcy Judge.

In this case of first impression under the Bankruptcy Code, the Court considers the unique domicile—residence situation of the serviceman and the need to prevent exemption shopping.

In their joint petition for bankruptcy, the Wellbergs claimed the Federal exemptions of property. Their principal asset is a parcel of real estate in the land of sky blue waters on which they hope to build a home upon his retirement from the United States Navy. The debtors place a value of $10,000 on it, each claiming a $5,000 interest.

11 U.S.C. § 522 sets forth the exemption scheme of the Bankruptcy Code. What are referred to as the Federal exemptions commence in subsection (d). Nevertheless, in enacting the Bankruptcy Reform Act of 1978, the Congress has permitted the States the option of allowing its citizens the State exemptions in lieu of the Federal list.

Virginia has "opted-out." § 34–3.1, Code of Virginia, 1979. Minnesota has not. The debtors claimed Minnesota as their domicile and, accordingly, the bankruptcy exemptions Minnesota allows, to-wit: a choice of the Federal or the State. If this is so, they can easily protect their land. 11 U.S.C. § 522(d)(1).

The issue is, quite simply, are the debtors entitled to the Minnesota exemptions or the Virginia exemptions?

Mr. Wellberg is in the United States Navy. He and his wife have resided in Virginia since being stationed here in August 1979. The debtors pay state taxes to the State of Minnesota, they possess Minnesota driver's licenses and they vote in that state, most recently in November 1980 by absentee ballot.

The issue, legally, is whether one looks to the debtor's state of domicile or state of

residence on the day the bankruptcy is filed for the purpose of determining the exemption to which he is entitled.[1]

In the plain language of the Code, the exemptions available to a debtor in his state of domicile are those which he may claim in his bankruptcy.

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
>
>> (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
>>
>> (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's *domicile* has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180 day period than in any other place;
>>
>> . . . .

11 U.S.C. § 522(b) [emphasis added]

The legislative history amplifies this point. "The debtor may choose the Federal exemptions prescribed in subsection (d), or he may choose the exemptions to which he is entitled under other federal law and the law of the State of his domicile." House Report No. 95–595, 95th Cong., 1st Sess. (1977) 360–1, U.S.Code Cong. & Admin. News 1978, 5787, 6316. The word "domicile" is absolutely the application required by the Bankruptcy Code.

What is a debtor's domicile?

The answer should be a Federal question, but resolving it there is doubtful. It is significant to note in addressing the subject of venue in the Bankruptcy Reform Act of 1978 [Bankruptcy Code] that both terms, domicile and residence, are used, 28 U.S.C. § 1472, indicating "an intention to maintain the legal distinction between them." 1 Collier On Bankruptcy, 15th Ed., § 3.02 [1][K]. But whose legal distinction?

■ There is no Federal definition of domicile and residence for general or bankruptcy purposes. Indeed, the Federal Constitution does not require uniformity and it is, apparently, a question to be determined by the law of the forum. 25 American Jurisprudence 2d, Domicil § 3. This is certainly the bankruptcy law on the subject in this Circuit. *Richardson v. Woodward*, 104 F. 873 (4th Cir. 1900). See *Pannill v. Roanoke Times Co.*, 252 F. 910 (W.D.Va.1918); *Messick v. Southern Pennsylvania Bus Co.*, 59 F.Supp. 799 (E.D.Pa.1945).

While this approach might, argumentatively, lead to lack of uniformity on the basic issue here, I dare say state definitions of domicile and residence are not at variance.

■ The State, Virginia, distinction is clear. Domicile is residence or physical presence *accompanied by* an intention to remain for an unlimited time. *Smith v. Smith*, 122 Va. 341, 94 S.E. 777 (1918); *Layton v. Pribble*, 200 Va. 405, 105 S.E.2d 864 (1958). The most excellent exposition of the subject is 4 A Michie's Jurisprudence, Conflict of Laws, Domicile and Residence, § 7 *et seq.*

■ The evidence is clear that the debtors were domiciliaries of the State of Minnesota in 1979. The question arises here simply because the debtors presently reside in the Commonwealth of Virginia. The temporary residence in Virginia is of no moment; a person may have several residences at the same time. *Long v. Ryan*, 30 Grat. (71 Va.) 718 (1878). An old residence is not lost so long as an individual intends to return. *Maslin v. Hiett*, 37 W.Va. 15, 16 S.E. 437 (1892). A mere change in residence, without more, does not

---

1. This issue is of considerable moment; its resolution will have a far-reaching effect in this area due to the density of service personnel and their families in the communities. Based upon statistics collected by this Court, approximately twenty percent [20%] of those filing here are service related: Should they be entitled to the Federal exemptions, this will vastly affect the exemption picture in the jurisdiction.

indicate a change in domicile. *French v. Short*, 207 Va. 548, 151 S.E.2d 354 (1966); *Lewis v. Splashdam By-Products Corp.*, 233 F.Supp. 47 (W.D.Va.1964); *Jardine v. Intehar*, 213 F.Supp. 598 (S.D.W.Va.1953); *Shaw v. Shaw*, 155 W.Va. 712, 187 S.E.2d 124 (1972). Unless his intent is otherwise, a person's domicile is not affected or changed by entry into the armed forces. Am.Jur., *supra*, § 39.

■ Really, the issue was settled in this Court in the ancient case of *In re Glen Hubert Raynor*, 19,509 (E.D.Va.1961). There a soldier, domiciled in the State of Washington but stationed in Virginia, had claimed a Virginia exemption to which the trustee objected. District Judge Walter E. Hoffman held that the soldier was entitled to the exemptions of his domicile, Washington, and not his residence, Virginia.

*In re Raynor* is, therefore, clearly dispositive of the present issue. The decision was made for us awhile ago.

The objection of the trustee to the exemptions of the debtors is overruled. Under the circumstances, the debtors are entitled to the exemptions claimed.

IT IS SO ORDERED.

### Epilogue

This is, obviously, a decision of considerable magnitude for two reasons. First, there are a great many service personnel and their families in the area; therefore, the decision will touch upon many bankruptcy cases. Further, since Virginia has "opted-out" of the Federal exemptions scheme, this will mean that while most debtors coming before the Court will be limited to the State exemptions, a significant number will have access to the Federal exemptions.

This creates new concerns for both debtors and creditors.

And it emphasizes, forcefully, the exemptions problems which exist as a result of the Bankruptcy Reform Act of 1978. For greater divergence now arises than under the Bankruptcy Act of 1898.

We have the Federal exemptions, considered by some as generous. The states may exercise their option resulting in state exemptions, some generous and some meager. We have a unique position for service personnel *and* their families. We may well have forum shopping not by servicemen solely but by any who can arrange it. And it can be arranged.

Fewer areas of bankruptcy law, if any, are in a greater quandary than exemptions provisions. The Virginia statutes are archaic, speaking of items such as a spinning wheel. Code of Virginia, § 34–26. When changes are made, they are of a piecemeal nature. There is constant tampering with the definition of "householder." § 34–1.

A thorough revision of the Virginia exemptions statutes is long overdue. It would be welcome by debtors and creditors alike.

The flaws in the present Federal exemptions system are evidenced by the facts and law in this case. Would it not be better to have only reasonable Federal exemptions? Or would it be more reasonable to have no Federal exemptions but solely state exemptions as existed under the Act?

The "opt-out" approach is the poorest of all.

A copy of this opinion shall be forwarded to the debtors, the attorney for the debtors and the trustee.