**MFS TELECOM, INC., Plaintiff,**

**v.**

**INTREPID COMMUNICATIONS SOLUTIONS, INC., f/k/a Telecom Moray Corporation, Defendant.**

**Civil Action No. 99–505(WHW).**

United States District Court,
D. New Jersey.

March 10, 1999.

Louis Smith, Leboeuf, Lamb, Greene & Macrae, L.L.P., Newark, NJ, for Plaintiff.

### OPINION

WALLS, District Judge.

This matter has been opened to the Court by plaintiff MFS Telecom ("MFS") under the Court's federal question jurisdiction. The plaintiff claims that the Court has such jurisdiction under 28 U.S.C. § 1331 and/or 28 U.S.C. § 1337 because the case is brought pursuant to the Communications Act of 1934, 47 U.S.C. § 151 et seq.

Under 28 U.S.C. 1331: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1337(a), "the district courts shall original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies...."

Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish that the federal court has jurisdiction. *Compare Ramsey v. Mellon National Bank,* 350 F.2d 874 (3d Cir.1965).

The plaintiff and the defendant entered into an agreement whereby the plaintiff would provide telecommunications services to the defendant. These services were subject to and controlled by the rates and tariffs set forth in the plaintiff's applicable tariffs filed with the Federal Communications Commission ("FCC"). The plaintiff now claims that the defendant has not "paid in full the invoices submitted ... for the telecommunications services that [the plaintiff] provided [the defendant]." The plaintiff then asserts that because "claims herein are brought pursuant to the terms and conditions of a tariff [the plaintiff] has filed with the Federal Communications Commission," these claims are brought "pursuant to the Communications Act of 1934...."

The term "arises under" eludes precise definition. *See Erienet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 518 (3d Cir.1998). The Third Circuit has recognized two tests to decide whether a federal court has federal question jurisdiction: "(1) does federal law create the cause of action?", and "(2) does the complaint pose a substantial federal question?". *See Virgin Islands Housing Auth. v. Coastal General Constr. Serv. Corp.,* 27 F.3d 911, 916 (3d Cir.1994) (citing *West 14th Street Commercial Corp. v. 5 West 14th Street Owners Corp.,* 815 F.2d 188, 192 (2d Cir.1987); *see also Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

The plaintiff's statement of his case does not convince the Court that the claim either arises "under the Constitution, laws, or treaties of the United States" or arises "under an Act of Congress regulating Commerce or protecting trade and commerce against restraints and monopolies." While the rates in the agreement may have been controlled by tariffs filed with the FCC, the crux of the parties' disagreement—the obligation of the defendant to pay—arises out of the agreement itself. The cause of action is based on breach of contract and is not created by the Communications Act. The plaintiff's complaint does not pose a substantial federal question. This is a mere contract dispute and does not, on these facts, belong in federal court.

### Conclusion

For the above-stated reasons, this matter is dismissed for lack of subject matter jurisdiction.

### ORDER

This matter has been opened to the Court by plaintiff MFS Telecom ("MFS") under the Court's federal question jurisdiction. The plaintiff claims that the Court has such jurisdiction under 28 U.S.C. § 1331 and/or 28 U.S.C. § 1337 because the case is brought pursuant to the Communications Act of 1934, 47 U.S.C. § 151 et seq. For the reasons stated above, and upon review of the submissions of the plaintiff, the case is dismissed for lack of subject matter jurisdiction.