**James P. VAIL, Plaintiff,**

v.

**John DOE, Defendant.**

**Civil Action No. 99–654(WHW).**

United States District Court,
D. New Jersey.

March 10, 1999.

———

Ronald C. Rak, Sills Cummis Zuckerman Radin Tischman Epstein & Gross, P.C., Newark, NJ, for Plaintiff.

WALLS, District Judge.

This matter has been opened to the Court by plaintiff James P. Vail under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Vail brings suit against a fictitious, unknown defendant, John Doe, for sending e-mails over the Internet that allegedly damage the plaintiff's reputation and cause him upset, emotional distress, shame, humiliation and embarrassment. Mr. Vail, a resident of New Jersey, claims that the defendant is a resident and citizen of New York.

Under 28 U.S.C. § 1332:
the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Jurisdictional statutes are to be strictly construed and the burden of proof is upon the plaintiff to affirmatively establish diversity of citizenship. *See Ramsey v. Mellon National Bank,* 350 F.2d 874 (3d Cir. 1965). To satisfy this burden, the plaintiff here asserts that "[s]tatements defaming plaintiff have been sent from the State of New York. Upon information and belief, defendant John Doe is a citizen and resident of New York." (Compl., ¶ 4).

This statement does not convince the Court that there is diversity among the parties. Even if the Court accepts the contention that the defamatory e-mails are coming from New York, it does not necessarily follow that the person sending the e-mails is a resident or citizen of that state. There are many people who do not reside in New York but work in, go to school in or often visit the state. Doubts as to removability are resolved in favor of re-

**478**

manding a case to the state court. *See Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The same doctrine can be applied to doubts about this Court's original diversity jurisdiction. The plaintiff has not sufficiently demonstrated to the Court that diversity exists among the parties.

### Conclusion

For the reasons stated in the above opinion, this matter is dismissed for lack of subject matter jurisdiction.

### ORDER

This matter has been opened to the Court by plaintiff James P. Vail under the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons stated above, and after review of the submissions of the plaintiff, the case is dismissed for lack of subject matter jurisdiction.