**In re Robert Joseph DWYER and Elizabeth Essex Dwyer, Debtors.**

**No. 03–06994–9P7.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Jan. 21, 2004.

Marshall L. Cohen, Marshall L. Cohen, P.A., Ft. Myers, FL, for Debtors.

Luis Martinez–Monfort, Mills, Paskert, Divers, P.A., Tampa, FL, for Trustee.

## *ORDER ON CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION*

**(Doc. No. 12)**

ALEXANDER L. PASKAY, Chief Judge.

The matter in controversy in this Chapter 7 liquidation case is a challenge by the

Chapter 7 Trustee, Thomas S. Heidkamp (Trustee) of the claim of exemption of Robert Joseph Dwyer and his wife, Elizabeth Essex Dwyer (Debtors). The Objection is based on the contention advanced by the Trustee that: (1) the properties listed are in excess of the statutory exemption allowance; and (2) the Debtors are not entitled to claim any exemptions under the applicable laws of the State of Florida.

The matter was initially tried only to determine the threshold question of whether or not the Debtors are entitled to claim exemptions under the Florida Constitution and Florida Statutes. This contention is based on the allegation by the Trustee that during the relevant time, that is between October 7, 2002 and April 7, 2003, the filing date, the Debtors did not reside in the State of Florida for the requisite number of days as required by Section 522(b)(2)(A) of the Bankruptcy Code for the right to claim exemption under state law.

The facts relevant to the resolution of this issue as established at the final evidentiary hearing can be summarized as follows. Robert Dwyer, one of the Debtors, has resided in Florida from time to time, beginning from the time he was one month old. He lived in Florida until he joined the military in 1972. During his stay in the military, his residence and home base was Miami, Florida. When he was discharged from the military in 1972, he obtained an employment from Carolina Mountain Spring Water (Carolina Mountain), a corporation owned by his father. Carolina Mountain maintained a bottling plant in North Carolina in addition to maintaining an office in the State of Florida.

In 1972, he moved to North Carolina where he remained until 1976. Between 1976 and 1983, he lived in Florida in a home, which he rented. Between 1983 and 1989, he resumed his employment with the bottling company and lived in a mobile home located on the company's property. In 1989, he moved back to Florida and remained here until 2001. During his stay, it is without dispute that he lived in several residences, all of which he rented. In August of 2001, the bottling company reemployed him and he stayed at a motel in South Carolina. From late August 2001 through 2002, he first lived in a hotel but later stayed in a house located on the company's property.

During the relevant period of time, that is between October 7 2002 and April 7, 2003, he was physically in North Carolina until his employment was terminated by the bottling company in February of 2003. Between February 10, 2003 and February 28, 2003, he was traveling back and forth between Florida and North Carolina looking for employment. He spent 18 days in Florida. Between February 28, 2003 and April 7, 2003, he was without interruption in the State of Florida and rented a residence initially in Cape Coral, Florida, and later on his residence, in which he lived on the day he filed his Petition for Relief under Chapter 7.

Since commencement of this case, he has subsequently moved again but still lives in Florida. It is without dispute that the Debtor never established a residence either in North Carolina or in any other State of the Union and that at all times he has considered himself to be a citizen of Florida. He is registered to vote in the State of Florida and has never registered to vote in any other state. His automobiles are also registered in the State of Florida. He holds a Florida driver's license, which is the only driver's license he has ever had. It is without dispute that during the relevant time, the Debtor's wife stayed in North Carolina to take care of a sick relative.

Based on the undisputed facts, it is without dispute that the Debtor was not physically present in the State of Florida for the longer portion of the preceding 180 days as required by Section 522(b)(2)(A) of the Code.

The Trustee relies primarily on the Debtor's answers to interrogatories, which, in fact, did nothing more than stated that the dates he was physically present in Florida consistent with the dates recited above.

▮ It is beyond peradventure that the right granted to citizens of this State by Art. X, Sec. 4 of the Florida Constitution were designed to protect individuals from utter destitution thereby relieving the state of the burden of supporting destitute families. *In re Andiorio,* 237 B.R. 851 (Bankr.M.D.Fla.1999). It is also well established that in order to promote this policy aim, courts have uniformly construed the right to claim exemptions liberally in favor of the claimant. *Partridge v. Partridge,* 790 So.2d 1280 (Fla. 4th DCA 2001).

▮ The party challenging the claim of exemption has the burden to make a strong showing that the claimant is not entitled to the exemption claimed. *In re Harrison,* 236 B.R. 788 (Bankr.M.D.Fla. 1999). The claimed exemption under the constitution carries some presumptive validity and the burden is on the objecting party to establish by the preponderance of the evidence that the claimant is not entitled to the exemption claimed.

While it is true that the majority of cases considering the claim of exemption involved a claim a residence as homestead there is no valid reason to conclude that the foregoing principles should not equally apply to a claim of exemption involving personal property since this right of exemption is also granted by Art. X Sec. 4 of the Constitution of this State.

▮ In order to claim the right to an exemption under the Section 522(b)(2)(A) of the Code, the claimant has to permanently establish that he, on the date of the filing of the petition, was domiciled in the state where he claims the exemptions. And, he had such domicile for the longer portion of the preceding 180 days than in any other place. The term "domicile" does not necessarily mean an actual residence. On the contrary, domicile is defined by Blacks Law Dictionary as "the permanent residence of a person or the place to which he intends to return even though he may actually reside elsewhere ... his home, as distinguished from a place to which business or pleasure may temporarily call him." Blacks Law Dictionary (6th ed.1991).

▮ For the purpose of claiming exemption under State law, the Debtor has to be domiciled or physically present, accompanied by the intention to remain for an unlimited time.

In the case of *In re Wellberg,* 12 B.R. 48 (Bankr.E.D.Va.1981), the debtor's claim for exemption was recognized under the laws of the State of Minnesota even though he resided in Virginia during the required 180 day period while he was serving in the military and stationed in Virginia. In allowing the claimed exemptions, the court considered several factors to determine the bona fides exemption claim of the debtor among others, the state where the debtor paid taxes, maintained and had a driver's license, and registered to vote.

Applying the foregoing to the case at hand, the facts are similar to those of *Wellberg.* The Debtor was never domiciled in the state of North Carolina or in any other State in the Union. This Court is satisfied that he met the requirement of

domicile in the State of Florida, notwithstanding the fact that he was not physically present for the requisite time. Therefore, the Objection of the Trustee is found to be without merit and shall be overruled.

As noted at the outset, the Trustee also objected to the claim of exemption on the basis that the value of the property claimed as exempt is in excess of the applicable allowable amount under the Florida Constitution, Article X, Section 4. He also contends that the Debtor's interest in the ESOP plan maintained by the Summons Enterprises may not be exempt in whole or in part, depending on the source of funding. Inasmuch as these issues have not been considered, they shall be set for final evidentiary hearing unless the parties agree on the valuation of the personal properties, which shall be limited to $1000 per debtor for a total of $2000, and $1000 equity in an automobile if any and as to the value of the Debtor's interest in the ESOP plan.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Chapter 7 Trustee's Objection to Debtors' Claim of Exemption be, and the same is hereby, overruled. The Debtors are entitled to claim the benefits of the exemption laws of the State of Florida.