# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

### MARY LYNN SEATON v. PERCY A. SEATON & OTHERS.

June 6, 1945.

Record No. 2889.

Present, All the Justices.

182

The opinion states the case.

*McGuire, Riely, Eggleston & Bocock*, for the appellant.

*John T. Wingo*, for the appellees.

BROWNING, J., delivered the opinion of the court.

The issues in this case involve an alleged conflict in the laws of Virginia and Florida.

The facts, briefly told, out of which the controversy arises are these: John E. Seaton who was domiciled and resided in Florida, died, leaving a widow, but no lineal descendants. He left a last will and testament by the terms of which he attempted to devolve real and personal estate located and situated in each of the states referred to.

The will was admitted to probate in Florida and subsequently in Virginia where ancillary administration was had. The executors named are the wife of the testator and the Bank of Commerce & Trusts of Richmond, Virginia. Mrs. Seaton declined to assume the burden of the co-executorship. The Bank qualified and became the sole ancillary executor and trustee.

The real estate in Florida is a house and lot in the city of St. Petersburg, which was occupied by the testator and his wife and which constituted their homestead. The testator, who had formerly lived in the city of Richmond, Virginia, and who was the head of a successful business firm for a period of years, owned at his death a number of houses and lots in that city, which he devised. Under the laws of Florida, upon his death, there being no issue, the homestead

property passed in fee to his widow. Under the laws of that state he could not devise it, otherwise there was no legal inhibition against such disposition of his property, anywhere situate, as he might elect. It may be well to add that the law of the domicile of the testator determines the devolution of title to his personal property. As to real estate the *lex situs* governs. The appellant here, Mrs. Seaton, filed in the appropriate court in Florida a certificate of election by which she chose to take under the will of her husband, except as to the homestead property, which she claimed as her own in fee, there being no children or lineal descendants of the testator, the homestead, as we have seen, not being subject to devise.

By the third clause of the will the testator attempted to devise to his wife, in fee simple, the real estate referred to in Florida but by a codicil he revoked that paragraph, and in lieu thereof, attempted to devise all of his real estate to the Bank, as trustee, but with the right to his wife to use the property in Florida as a home during her life and at her death to pass according to the terms and provisions of the trust created by the eighth paragraph of the will. The remaindermen under the will, particularly those embraced within the provisions of the last paragraph referred to, filed their bill in the court from which this case comes against Mrs. Seaton and the Bank of Commerce and Trusts of Richmond, Virginia, as ancillary executor and trustee, attacking the right of Mrs. Seaton to claim and hold the homestead in Florida and also to take under the will, without making reparation to the remaindermen for the loss that would be sustained by them on account of her election. The loss was computed as being $10,206.04. There was an agreement between counsel, representing both sides of the controversy, which embraced all of the facts which could be pertinent to the issues.

The learned chancellor decided that the widow was put to an election by the terms of the will, which she must either accept or reject; that she could not take the legacy left her and also take the Florida homestead, without compensating

the remaindermen for the loss they would sustain if she chose to take both. He filed an opinion which is made a part of the record, which very clearly and forcefully sets forth his views relating to the matter and the reasons for his conclusions.

██ Our consideration of this case has taken us through a wide field of legal principles as to some of which judges and text writers differ, which is probably the natural result of the thought of "many men of many minds". It may be fairly said from it all that the dower and homestead rights of widows have been ever the objects of judicial favor and solicitude. She may not be divested of them by testamentary or other alienation, except by express language or irresistible implication from the terms of the instrument attempting to accomplish that result, and then, of course, the process of attainment must be legal.

The briefs have, as we see it, gone far afield in discussing and emphasizing principles that have no direct application, that is, they are not necessary to the decision of the particular case, although they are highly interesting.

██ It is our opinion that the attempted devise of the Florida real estate, which is the homestead, and is so designated by the laws of that state, is absolutely null and void. As we have already seen the testator was, at the time of his death, and at the time of the execution of the original will and the codicil, a resident of Florida and domiciled in that state. As such resident he could not do anything which would be valid in law which was in fact a violation of the law. There is no question of the widow's right under the statutes of the state of Florida to claim fee simple title to the homestead, neither is there any question of the fact that such homestead is not subject to devise or alienation by the husband. In fact, if the homestead is hers in fee simple it is corollary that she could not be divested of it without her consent. In Leading Cases in Equity, White & Tudor, 4th Edition, Part I, pp. 550, 551, we find this: "It is said, that a disposition absolutely void is no disposition at all, and

being incapable of effect as such, it can not be read to ascertain the intent of the testator." This being so can a void disposition be employed for the more serious purpose of defeating a widow's homestead right and in doing so annulling the statute law of the state of the testator's residence and the *situs* of the homestead? We cannot avoid answering this question in the negative.

Mr. Beale, Professor of Law in Harvard University, in his work, The Conflict of Laws, section 1036.5 says this under the heading Election: "the question whether a legatee will be put to election between the provisions of a will and his rights outside a will is determined by the law of the testator's domicil. Where the will is void by that law, there can, of course, be no question of election."

The case of *Waldin* v. *Waldin*, 98 Fla. 344, 123 So. 777, holds that failure on the part of a widow to dissent from a will which attempts to dispose of a homestead property does not deprive her of her rights therein, with this statement, "as such will was void as to the homestead". In the case of *Moore* v. *Price*, 98 Fla. 276, 123 So. 768, this is said: "Under the homestead article embraced in the latter constitution, it is well settled that where there is a child or children, any will attempting to dispose of the homestead is utterly void for any purpose whatsoever in so far as such homestead is concerned, and the widow is entitled to her right of dower therein."

Quoting from the brief of counsel for the appellant this is aptly said: "The law is equally well settled when there is a widow and no children. Thus we find in Section 5477 (2) of the Compiled General Laws of Florida, under the caption 'Property which may be devised': * * * Provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, shall die and leave either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads".

In still another Florida case, *Brickell* v. *DiPietro* (1940), 145 Fla. 23, 30, 198 So. 806, 809, was this: "The law is well settled in Florida that a homestead is not subject to testamentary distribution."

In the case of *Schorr* v. *Etling*, 124 Mo. 42, 46, 47, 27 S. W. 395, this is stated: "It has been held by this court, and is the well settled law in this state, that the widow can. not, by the will of her husband, be deprived of the rights secured to her under the homestead law of 1875. The homestead passes to the widow by operation of law and is expressly excepted from the operation of the will of her husband. 'The will of the husband must yield to the will of the legislature.'

\* \* \*

■ "The homestead, as dower, is vested in the widow by operation of law and without the act or will of the husband, and in spite of them. It follows that, unless the intention to exclude these rights is manifest from the provisions of the will, they will not be excluded; she can claim both the benefits given her by the law and the will. The intent of the testator to dispose of that which is not his should appear upon the will."

■ It is correctly stated in several of the cases that the legal status of dower and homestead is much the same and that what is said with respect to dower and its incidents is alike applicable to the homestead.

In Leading Cases in Equity, White & Tudor, 4th Edition, Part I, p. 558, this is said:

" \* \* \* The general rule is agreed to be, that as dower is a legal interest vested in the wife by the act of the law, paramount to the will of the husband and beyond his control, of which matters he is presumed to be cognizant, and as every devise or bequest imports a bounty, and does not naturally imply satisfaction of a pre-existing encumbrance, a gift to the wife in the will, is to be taken as a cumulative provision, unless the intent that it shall be in lieu and exclusion of dower, be demonstrated by express declaration or by

clear and manifest implication arising from the instrument's containing some provision incompatible with the right of dower."

In *Adsit* v. *Adsit*, 2 Johns. Ch. (N. Y.) 448, 453, 456, 457, 7 Am. Dec. 539, this is said: "The weight of the authorities, applicable to this case, is decidedly in favor of the widow's claim to dower, notwithstanding the bequest."

\* \* \* \* \*

After citing some cases which leaned the other way the chancellor states:

"In the subsequent cases it would appear, however, that even this doctrine of holding the wife barred by an annuity charged upon the real estate, is questioned and shaken, and finally overruled."

\* \* \* \* \* \*

And further, in *Foster* v. *Cook* (3 Bro. 347), Lord Thurlow held, that: "even an annuity to the wife for life, and charged upon the real estate, in the hands of trustees, was no bar of dower which was paramount to the will".

*Anderson* v. *Anderson* (S. D.), 16 N. W. (2d), 43, 44, 45, is an excellent case, the facts being very similar to those of the case in judgment. The will of Albert Anderson was admitted to probate and his wife petitioned the county court to set apart a certain building, which they occupied as a home, as her homestead. This was granted by the court. The surviving children instituted suit in the circuit court of the county alleging that the claim of the widow to a homestead estate was hostile and adverse to the provisions of the will and that therefore she elected to take adversely thereto. The bill prayed that all of the properties of the estate, including the homestead, be devoted to the purpose of the trust established in the will. The circuit court found in favor of the widow, the Supreme Court affirmed the decree of the lower court saying in part:

"In the absence of a statute, the same rules in reference to application of the doctrine of election apply to both dower and homestead. The presumption is that the testator

did not intend to deprive the widow of any estate given her by law, and that the provisions of the will were intended as a bounty in addition to that which she already had. The widow is therefore entitled to claim the homestead as well as the benefits conferred by the will, unless the provisions of the will are so repugnant to the claim of homestead that they cannot stand together.

"The testator devised and bequeathed the residue of his estate in trust and the trustees are directed to pay the net income from the trust property to the widow and the three children. We do not think that the creation of the trust is repugnant to the claim of a homestead right. There is no indication in the will that testator intended to devise and bequeath to the trustees that which the law gives to the widow." See also, *Higginbotham* v. *Cornwell*, 8 Gratt. (49 Va.) 83, 85, 56 Am. Dec. 130.

It seems needless to advert further to authorities. No case has come to us by citation, either in the brief of the appellee or in the opinion of the chancellor, which discloses a situation precisely like the one with which we are dealing. In none of the cases is there to be found a case in which the testator attempted to do a thing that was prohibited by the statutes of his state—a void thing—a thing that was null and of no effect for any purpose.

If it were necessary to do so we might rest our conclusions upon the will itself, viewed from its four corners, in an effort to effectuate what is still the polar star in the construction of wills, the intention of the testator. There is not disclosed any intention to debar his wife from her homestead rights so sedulously secured by the laws of his state. Her claim to that right is not, in our opinion, inconsistent with the right to take otherwise under the will. The will does not, either in express language or in incontrovertible implication, restrict her interests as an annuitant. It lessens, in some degree, her legacy but it does not disturb the general scheme of the will and both of her claims may consistently stand together therewith.

We reverse the decree of the court and remand the case to be further dealt with as it may be advised, consistent with this opinion.

*Reversed and remanded.*

HUDGINS, J., concurring.

The testator, a resident of Florida, devised his home in St. Petersburg, Florida, and his real estate in Virginia to a trustee for the benefit of named beneficiaries. He gave his widow the right to use the Florida residence as a home so long as she lived. Under the laws of Florida, this property is defined as a homestead, and, on the death of the testator, it passed to the widow in fee. She claimed the homestead in fee, pursuant to the provision of the Florida statute, and asserted her right to the benefits bequeathed her by the will.

The first question presented is whether, under the laws of Florida, the widow may assert her right to the homestead property in fee, notwithstanding a contrary provision in her husband's will, and also receive the benefits bequeathed her by the same will.

The right to make disposition of property by will is a statutory right, and not an inherent right. The constitution and general laws of Florida provide: (1) that property defined as the homestead shall not be alienated without the joint consent of the husband and wife when that relation exists (Constitution of 1885, Art. X, sec. 1); (2) that, if the head of a family leaves a widow but no lineal descendants, the homestead shall not be the subject of devise but shall pass to the widow in fee (21 Fla. Statutes Anno., secs. 731.05, 731.23); (3) that the widow's dower "shall be one-third part in fee simple of the real property and one-third part absolutely of the personal property owned by her husband at the time of his death or had before conveyed whereof she had not relinquished her right of dower as provided by law * * * . The homestead shall not be included in the property subject to dower but shall descend as other-

wise provided in this Act for the descent of homesteads" (1933 General Laws of Florida, vol. 1, ch. 16103, Art. IV, sec. 35); and (4) that the widow, under the same statute, is given the right to elect between dower and the benefits devised and bequeathed her by her husband's will.

In other words, the Florida law provides that the widow (where there are no lineal descendants) shall be entitled to the homestead property in fee, *plus* her dower rights, or *plus* any property rights devised and bequeathed to her under her husband's will. Once a homestead is acquired, the husband cannot alienate it without the jointure of the wife during his life, nor can he deprive his widow of it by will. The Florida law does not require a widow to elect between her right to the homestead and her right to the benefits under the will. She is entitled to both.

That part of the will which devised the homestead to the trustee is an attempt, intentionally or unintentionally, to contravene the declared public policy of the State of Florida. It deals with real estate situated in Florida, and its validity and effect must be determined by the laws of that state providing for the devolution of property within its jurisdiction.

The next question presented is whether the widow must account to appellees for the value of the Florida homestead before she is entitled to receive any benefits in the Virginia realty devised her by her husband, a resident of Florida at the time of his death.

The Virginia court must determine whether the will was executed according to the mode prescribed by Virginia law for the devolution of property within its jurisdiction. It is conceded that the will was executed in the mode prescribed. The disposition of the real estate situated in Virginia is clear and unambiguous. This Virginia realty is included in the residuum of the estate, consisting of three-fifths personalty and two-fifths realty bequeathed and devised to the named trustee with full power to sell and reinvest the proceeds, the income from which was directed to

be paid his wife so long as she may live, and at her death the trustee was directed to pay and deliver all property then in its hands to appellees. The will further provided that "no purchaser * * * from said trustee shall ever be required to see to the proper application of the purchase money." These provisions create a trust fund whereby personalty and realty are intermingled with the intention of producing an income for the widow during her life and for ultimate distribution between remaindermen. This constituted an equitable conversion of realty into personalty. Such being the case, the law of the domicile controls and not the law of the *situs*.

Even if the doctrine of equitable conversion does not apply, appellees' contention cannot be upheld. To do so would render effective in Virginia a provision of a will concerning property situated in Florida, which provision the Florida law expressly declares to be invalid and of no effect. Florida has an inalienable right to declare what property may or may not be disposed of by will. She has exercised this right by declaring that, under the facts stated, the homestead is not property which may be transferred by will. Appellees cannot enforce the doctrine of election in Virginia to affect adversely the devolution of property in Florida owned by a citizen of Florida at the time of his death.

I concur in the conclusion expressed in the majority opinion.