IN RE ESTATE OF JANET MCCLYMONT HANNAN, DECEASED.
ELIZABETH H. HYMAN, PERSONAL REPRESENTATIVE OF THE
ESTATE OF JANET MCCLYMONT HANNAN, DECEASED, APPELLANT,
V. MARY ELIZABETH GLOVER, APPELLEE.
523 N.W.2d 672

Filed November 18, 1994. No. S-92-534.

Martin J. Troshynski and Larry R. Baumann, of Kelley, Scritsmier & Byrne, P.C., for appellant.

Patricia E. Dodson, of Dodson & Dodson Attorneys, for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

FAHRNBRUCH, J.

Mary Elizabeth Glover filed a petition for further review of a Nebraska Court of Appeals decision which reversed the judgments of a district and a county court awarding her a share in Nebraska real estate under her grandmother's Virginia will.

We reverse the Court of Appeals' decision and remand the cause with direction to affirm the judgment of the district court for Phelps County.

## STANDARD OF REVIEW

An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Holt, ante* p. 50, 516 N.W.2d 608 (1994); *In re Estate of Trew,* 244 Neb. 490, 507 N.W.2d 478 (1993).

However, as to questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. See *In re Estate of Holt, supra.*

## FACTS

This case was submitted to the Phelps County Court for disposition on the file, the briefs, and stipulated facts. The facts of this case, as stipulated to by the parties, and as contained in the record, are as follows:

On January 7, 1977, James Hannan, one of five children of the decedent, Janet McClymont Hannan, adopted Glover, his wife's 35-year-old daughter from a previous marriage. On March 13, 1977, Janet Hannan executed her last will and testament in Alexandria, Virginia, her place of residence. In May 1977, James Hannan died of cancer, leaving no children except Glover. On April 2, 1982, Janet Hannan died.

On April 28, 1982, the decedent's will was admitted to probate in the circuit court for the City of Alexandria, Virginia. The will provided for the decedent's residual estate to be divided in equal shares among her surviving children and the "issue" of her deceased children per stirpes. Glover filed a petition asking the court to declare that she was the issue of James Hannan and was entitled to a prescribed share of the decedent's estate.

Ultimately, the Virginia Supreme Court held that the word "issue," absent any indication of the testator's intent to the contrary, was to be given its common-law meaning and that, under Virginia law, issue did not include adopted children. See *Hyman v. Glover*, 232 Va. 140, 348 S.E.2d 269 (1986).

In Nebraska, an ancillary probate proceeding was filed by the personal representative in the Phelps County Court, requesting permission to sell the decedent's real property located in Phelps County. The property has been sold by stipulation of the parties. Also by stipulation, Glover's share of the proceeds has been held in escrow pending determination of whether she was entitled, under Nebraska law, to a share of the Nebraska real estate and thus to a share in the proceeds from its sale.

The Phelps County Court found that Nebraska is not required to accept Virginia's definition of the word "issue"; found that under Nebraska law, an adopted child is entitled to the same rights and privileges to inherit property as a natural child; and ordered that Glover receive a 20-percent share of the proceeds of the property, minus the required taxes due and paid. The district court affirmed the order of the county court.

The Court of Appeals reversed the district court. *In re Estate of Hannan*, 2 Neb. App. 636, 513 N.W.2d 339 (1994). The Court of Appeals found that Nebraska law controls the devise of Nebraska real property, but that a cardinal principle of

Nebraska law is that the intent of the testator be followed. The Court of Appeals further found that, in making a will, a testator is more likely to subscribe to the domiciliary state's definition of a word than to the definition provided under the law of the situs of the real property. Finally, the Court of Appeals held that although Nebraska has a public policy of treating adopted children equally with natural children, the presumed intent of the testator to disinherit her adopted granddaughter overrides this policy. This court granted Glover's petition for further review.

### ASSIGNMENTS OF ERROR

Glover contends that the Court of Appeals erred in four respects. Restated, these assignments of error combine to assert that the Court of Appeals erred in relying on the Virginia Supreme Court's definition of the word "issue" in determining Glover's inheritance rights to the proceeds of Nebraska real property.

### ANALYSIS

In order to determine whether Glover is entitled to a share of the proceeds from the sale of the decedent's Nebraska real estate, we must determine whether Nebraska law or Virginia law governs the definition of the word "issue" in the decedent's will.

As the Court of Appeals correctly noted, Nebraska "adheres to the rule that the law of the state where real property is situated governs exclusively the right of parties to real property and the methods of its transfer, including devise by will." *In re Estate of Hannan*, 2 Neb. App. at 642-43, 513 N.W.2d at 344.

Although Nebraska does grant reciprocal recognition to the final orders of other states as to the validity or construction of a will pursuant to Neb. Rev. Stat. § 30-2432 (Reissue 1989), Virginia has no such reciprocal statutory provision. In fact, Virginia has indicated that its policy is to apply its own law to the devise of real property located in Virginia. See, e.g., *Rinker v. Trout*, 171 Va. 327, 198 S.E. 913 (1938) (holding that heir was prohibited from maintaining an accounting in District of Columbia for land located in Virginia); *French, Ex'r v. Short*, 207 Va. 548, 551, 151 S.E.2d 354, 356-57 (1966) (admitting a

832

Florida resident's holographic will to probate as the will of testator's Virginia real estate even though Florida did not recognize the will and holding that "[u]nder Virginia law, a decedent's . . . real estate passes according to the law of the state where it lies"). Cf. *Seaton v. Seaton*, 184 Va. 180, 34 S.E.2d 236 (1945) (holding that Florida law governed land in Florida and that a widow could not be divested of her homestead rights by operation of a trust document to a trustee in Virginia). Therefore, we determine that Nebraska law controls Janet Hannan's devise of her real property located in Phelps County, Nebraska.

Under the Nebraska Probate Code, issue of a person is defined as "all his lineal descendants of all generations, with the relationship of parent and child at each generation being determined by the definitions of child and parent contained in this code." Neb. Rev. Stat. § 30-2209(23) (Reissue 1989).

The definition of "child" includes "any individual entitled to take as a child under this code by intestate succession from the parent whose relationship is involved and excludes any person who is only a stepchild, a foster child, a grandchild or any more remote descendant." § 30-2209(3).

The definition of "parent" includes "any person entitled to take, or who would be entitled to take if the child died without a will, as a parent under this code, by intestate succession from the child whose relationship is in question and excludes any person who is only a stepparent, foster parent, or grandparent." § 30-2209(31).

Nebraska statutes further provide that an adopted child is the child of an adopting parent, Neb. Rev. Stat. § 30-2309(1) (Reissue 1989), and that adopted persons are included in class gift terminology. Neb. Rev. Stat. § 30-2349 (Reissue 1989).

The cardinal rule concerning a decedent's will is the requirement that the intention of the testator or testatrix shall be given effect, unless the maker of the will attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy. [Citations omitted.] To arrive at a testator's or testatrix's intention expressed in a will, a court must examine the decedent's will in its entirety, consider and liberally interpret every provision in

a will, employ the generally accepted literal and grammatical meaning of words used in the will, and assume that the maker of the will understood words stated in the will.

*In re Estate of Walker*, 224 Neb. 812, 818, 402 N.W.2d 251, 256 (1987).

Generally, a term of art used in reference to a devise or other testamentary disposition or provision has a technical but clear meaning. *In re Estate of Tjaden*, 225 Neb. 19, 402 N.W.2d 288 (1987). When intention is expressed in clear language used in a testator's will, a court must give full force and effect to the testator's intention so expressed. *Id.* When language in a will is clear and unambiguous, construction of a will is unnecessary and impermissible. *In re Estate of Walker, supra.* It is clear that, under Nebraska law, Glover is included in the class gift to issue of the decedent's deceased children.

The Court of Appeals correctly stated that the word "issue" is a term of art. Therefore, because the meaning of the word "issue" is clear and unambiguous as defined by Nebraska statutes, it was unnecessary and impermissible for the Court of Appeals to construe Janet Hannan's will. Rather, it was the duty of that court to give full force and effect to Hannan's intention as expressed by that clear language.

Accordingly, because under Nebraska law Glover is the issue of her adoptive father, James Hannan, the deceased child of the decedent, we hold that Glover is entitled to take her father's proportionate share of the proceeds from the sale of the decedent's real property located in this state.

## CONCLUSION

Having held that the definition of the word "issue" is determined by Nebraska law as to the devise of real property located in this state and that Glover is therefore entitled to take as issue of her deceased father pursuant to the terms of Janet Hannan's will, we reverse the decision of the Nebraska Court of Appeals and remand the cause to that court with direction to affirm the judgment of the district court for Phelps County.

REVERSED AND REMANDED WITH DIRECTION.

WRIGHT, J., not participating.