IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


IN RE ESTATE OF BIALAS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE ESTATE OF LEONARD BIALAS, DECEASED.

MARY A. THOMASON, PERSONAL REPRESENTATIVE OF
THE ESTATE OF LEONARD BIALAS, DECEASED, APPELLEE,

V.

EVELYN BLAHAK AND PAUL BIALAS, APPELLANTS.


Filed February 12, 2019.    No. A-18-023.


Appeal from the County Court for Platte County: FRANK J. SKORUPA, Judge. Affirmed.

Jason D. Mielak, of Fehringer & Mielak, L.L.P, for appellants.

Stan A. Emerson, of Sipple, Hansen, Emerson, Schumacher & Klutman, for appellee.


RIEDMANN, BISHOP, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Evelyn Blahak and Paul Bialas (Appellants), children of one of Leonard Bialas' deceased siblings, appeal the decision of the Platte County Court construing the residuary clause of Leonard's will to include Leonard's stepchildren. Having considered the assigned errors raised by the Appellants, we affirm.

## STATEMENT OF FACTS

Leonard Bialis executed his will in 2004. In his will, he declared the following: "Alice P. Bialas is my beloved wife. Mary A. Mimick, Thomas O. Mimick, Lawrence (Larry) Mimick, and Donna J. Mimick are my beloved children. Reference herein shall include them and any children

- 1 -

born or adopted hereafter." He nominated his wife as personal representative and Mary Mimick to serve as successor personal representative if his wife failed to serve for any reason. He then provided for his personal representative's administrative powers and for payment of certain debts and expenses. Finally, he declared that "If my wife, Alice P. Bialas, does not survive me by sixty days, I devise and bequeath [all of my] property to my issue by representation in substantially equal shares."

Leonard died on September 23, 2017. In October, Mary Thomason, formerly known as Mary Mimick, filed an application for informal probate of Leonard's will and informal appointment of a personal representative. She alleged that Leonard had died less than a month earlier, that his wife Alice had also died, and that she had the right to be appointed personal representative of Leonard's estate. Mary was appointed personal representative as she requested.

Mary attached an exhibit which she alleged contained, to her knowledge, the names and addresses of all interested parties. Mary and the other children listed in the will were listed in this exhibit as stepchildren. The exhibit also listed six living siblings of Leonard as well as six deceased siblings with living issue.

In November 2017, Mary filed a personal representative's motion for interpretation of the will. She alleged that the children listed in the will were not biological issue, but were Alice's children and Alice had been married to Leonard for 40 years. Mary further alleged that the children were at all times treated as Leonard's children and that he had no other children. She moved the court to find that, for purposes of Leonard's will, Leonard's stepchildren were his "issue" and that Leonard intended to have his stepchildren inherit.

After hearing arguments on the interpretation of the will on November 27, 2017, the county court issued a December 5 order granting Mary's motion. The court reasoned that because Mary, Thomas, Lawrence, and Donna were Leonard's children by Leonard's own definition, they would be considered his "issue." The court found that Leonard "intended to leave his residuary estate to those identified as his children under Article I of his Last Will and Testament." The appellants have timely appealed to this court.

ASSIGNMENTS OF ERROR

Appellants assign that the county court erred as a matter of law in finding that Leonard's stepchildren were included as Leonard's issue and in finding that Leonard intended to devise his estate to his stepchildren.

STANDARD OF REVIEW

Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. *In re Estate of Graham*, 301 Neb. 594, 919 N.W.2d 714 (2018). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. When reviewing a decision of the probate court, the appellate court does not reweigh the evidence and must consider the evidence in the light most favorable to the successful party, who is entitled to every reasonable inference available from the evidence. *Id*.

The interpretation of the words in a will or a trust presents a question of law. *In re Estate of Forgey*, 298 Neb. 865, 906 N.W.2d 618 (2018).

ANALYSIS

There is no question that Leonard's residuary devise in his will was "to [Leonard's] issue by representation in substantially equal shares." Leonard began his will by stating: "Alice P. Bialas is my beloved wife. Mary A. Mimick, Thomas O. Mimick, Lawrence (Larry) Mimick, and Donna J. Mimick are my beloved children. Reference herein shall include them and any children born or adopted hereafter." But the record reveals that Mary, Thomas, Lawrence, and Donna are not Leonard's lineal children by birth and were not adopted by him. They remained his stepchildren, as that term is legally defined, until his death. Thus, the question in this case is whether Leonard intended to include Mary, Thomas, Lawrence, and Donna in his residuary devise.

Appellants argue that Mary, Thomas, Lawrence, and Donna are not beneficiaries under Leonard's will due to Leonard's use of the word "issue." Appellants urge this court to adopt the definition of the term "issue" from the Nebraska Uniform Probate Code. Neb. Rev. Stat. § 30-2209 (Reissue 2016) provides:

> Subject to additional definitions contained in the subsequent articles which are applicable to specific articles or parts, and unless the context otherwise requires, in the Nebraska Probate Code:
>
> . . . .
>
> (23) Issue of a person means all his or her lineal descendants of all generations, with the relationship of parent and child at each generation being determined by the definitions of child and parent contained in the Nebraska Probate Code.

Section 30-2209 of the Probate Code further defines "child" and "parent" as follows:

> (3) Child includes any individual entitled to take as a child under the code by intestate succession from the parent whose relationship is involved and excludes any person who is only a stepchild, a foster child, or a grandchild or any more remote descendant.
>
> . . . .
>
> (31) Parent includes any person entitled to take, or who would be entitled to take if the child died without a will, as a parent under the Nebraska Probate Code, by intestate succession from the child whose relationship is in question and excludes any person who is only a stepparent, foster parent, or grandparent.

Accordingly, since Mary, Thomas, Lawrence, and Donna are Leonard's stepchildren, the Appellants argue that they are specifically excluded by definition from the word "issue" and therefore are not beneficiaries under the residuary clause of the will.

In support of this contention, Appellants cite *In re Estate of Hannan*, 246 Neb. 828, 523 N.W.2d 672 (1994). In *Hannan*, the decedent left a will providing for a bequest to the "issue" of his children. One of the decedent's children predeceased him leaving one child named Glover who had been adopted by the decedent's child prior to his death. The will was probated in Virginia with an ancillary probate in Nebraska. Under Virginia law, an adopted child was not included within the definition of "issue," but under Nebraska law, an adopted child was included within the definition of "issue." The question in *Hannan* was should the court apply Virginia or Nebraska

law's definition of the word "issue" in construing the decedent's will. In applying Nebraska law, the Nebraska Supreme Court ultimately reversed the Nebraska Court of Appeals and held as follows:

> "The cardinal rule concerning a decedent's will is the requirement that the intention of the testator or testatrix shall be given effect, unless the maker of the will attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy. [Citations omitted.] To arrive at a testator's or testatrix's intention expressed in a will, a court must examine the decedent's will in its entirety, consider and liberally interpret every provision in a will, employ the generally accepted literal and grammatical meaning of words used in the will, and assume that the maker of the will understood words stated in the will." *In re Estate of Walker,* 224 Neb. 812, 818, 402 N.W.2d 251, 256 (1987).

> Generally, a term of art used in reference to a devise or other testamentary disposition or provision has a technical but clear meaning. *In re Estate of Tjaden,* 225 Neb. 19, 402 N.W.2d 288 (1987). When intention is expressed in clear language used in a testator's will, a court must give full force and effect to the testator's intention so expressed. *Id.* When language in a will is clear and unambiguous, construction of a will is unnecessary and impermissible. *In re Estate of Walker, supra.* It is clear that, under Nebraska law, Glover is included in the class gift to issue of the decedent's deceased children.

> The Court of Appeals correctly stated that the word "issue" is a term of art. Therefore, because the meaning of the word "issue" is clear and unambiguous as defined by Nebraska statutes, it was unnecessary and impermissible for the Court of Appeals to construe [decedent]'s will. Rather, it was the duty of that court to give full force and effect to [decedent]'s intention as expressed by that clear language.

> Accordingly, because under Nebraska law Glover is the issue of her adoptive father . . . the deceased child of the decedent, we hold that Glover is entitled to take her father's proportionate share of the proceeds from the sale of the decedent's real property located in this state.

*In re Estate of Hannan*, 246 Neb. at 832-33, 523 N.W.2d at 675.

Applying similar reasoning, the Appellants argue that, under Nebraska law, Mary, Thomas, Lawrence, and Donna are not issue of Leonard under the Nebraska Probate Code's definition of that "term of art" and are not entitled to take under the residuary clause of the will.

But *Hannan* is distinguishable from the case at bar in one significant respect. Here, in addition to gifting his property to his "issue," Leonard previously named Mary, Thomas, Lawrence, and Donna in his will and expressly stated that those four persons are his "beloved children" and that "reference herein should include them and any children born or adopted hereafter." After nominating his personal representative, describing the personal representatives' administrative powers, and directing the personal representative to extinguish his debts, he then directs the remainder of his estate to his "issue." Leonard otherwise never again mentions Mary, Thomas, Lawrence, and Donna and his expression that they are his "beloved children" and the "reference herein shall include them" would have no meaning unless his reference to these four persons related specifically to his residuary devise. "Issue" is a defined term in the Nebraska Probate Code, and, as a "term of art" means lineal descendants with the relationship of parent to

child. But by examining Leonard's will in its entirety and considering and liberally interpreting every provision in the will, we hold that Leonard specifically defined that Mary, Thomas, Lawrence, and Donna shall be considered his children as that word is used in the definition of the word "issue." Stated differently, even though the word "child," which is used within the definition of the word "issue," has its own defined meaning, there is nothing that prohibited Leonard from defining "child" more broadly for the purposes of his will. See *In re Estate of Walker*, 224 Neb. 812, 818, 402 N.W.2d 251, 256 (1987) ("cardinal rule concerning a decedent's will is the requirement that the intention of the testator or testatrix shall be given effect, unless the maker of the will attempts to accomplish a purpose or to make a disposition contrary to some rule of law or public policy"). See, also, Neb. Rev. Stat. § 30-2341 (Reissue 2016) ("The intention of a testator as expressed in his will controls the legal effect of his dispositions. The rules of construction expressed in the succeeding sections of this part apply unless a contrary intention is indicated by the will").

As in *In re Estate of Hannan*, 246 Neb. 828, 523 N.W.2d 672 (1994), had Leonard not defined Mary, Thomas, Lawrence, and Donna to be his children, as stepchildren, they would not meet the definition of "child" and would not be included as "issue" as that term is used within Leonard's residuary devise. But Leonard specifically defined that, for the purposes of his will, Mary, Thomas, Lawrence, and Donna should be considered his "children," which for the purposes of his will, made them a part of the definition of the word "issue." Although Leonard's definition of "child" differs from the statutory definition set forth in § 30-2209(3), which would not have included stepchildren within such definition, Leonard was free to define children the way he desired under his will so long as it was not against some rule of law or public policy. See *In re Estate of Hannan, supra*. The definitions in § 30-2209 apply to the use of those words in the Nebraska Probate Code, not necessarily to an individual's will.

In *Hannan*, the decedent used a word in his will which was defined by the Nebraska Probate Code and did not further define that word in his will. The Nebraska Supreme Court found that, under those circumstances, the word was a "term of art" and applied the Code's definitions. But where, as here, the decedent specifically defined a term, the court will give full force and effect to the decedent's intentions. That is the cardinal rule of will construction.

Here, Leonard unequivocally made it clear that he intended Mary, Thomas, Lawrence, and Donna to be considered as his lineal children for purposes of his devise. By doing so, Leonard defined children differently in his will than would otherwise be defined by the Nebraska Probate Code. We find that the Appellant's argument is without merit, and we affirm the decision of the county court in its entirety.

AFFIRMED.